### George W. Reynolds v. Sanford M. Green and others.

Bill to redeem from a conveyance claimed to be a mortgage. The bill was not filed until thirty-four years after the maturity of the mortgage, which the bill alleges to have remained unpaid, and twenty-four years after the grantee had sold and conveyed the land. A party seeking to redeem after such a lapse of time, is bound to show affirmatively in his bill such facts as will establish the instrument as continuing in force and subject to redemption.

The bill showed that the grantee in the mortgage-conveyance, and those claiming under him, had claimed and disposed of the premises as absolute owners for more than twenty years, and that possession had been had under them. It averred that the possession had not been continuous and adverse for twenty years' but did not show that it was *taken* within that time. No excuse was shown for the delay in applying to redeem, and it was *held,* that the averments in the bill were too uncertain to found a right to redeem upon.

*Submitted on briefs July 14th. Decided July 15th.*

REYNOLDS *v.* GREEN.

Appeal from Oakland Circuit in Chancery.

*M. Wisner*, for complainant, argued that the right to redeem was not barred by adverse possession of the mortgagee, until that possession had been continuous and uninterrupted for twenty years.—*Story Eq. Juris.* §§ 1028, 1520; 22 *Conn.* 569; 4 *Kent*, 186; 1 *Johns. Ch.* 387; 1 *Paige*, 56; 2 *Barb. Ch. Pr.* 194; 3 *Johns. Ch.* 129; 1 *Mich.* 400.

*Maynard & Meddaugh*, and *M. L. Drake*, for different defendants, to the point that the possession under the conveyance by Biddle must be deemed to have been adverse, cited 2 *Sumn.* 402; 3 *Atk.* 225; 7 *Shepl.* 269; 3 *Johns. Ch.* 129; 3 *Sumn.* 152; 1 *Johns. Ch.* 594; 3 *Sandf. Ch.* 507; 19 *Vt.* 526; 5 *Johns. Ch.* 552; 1 *How.* 196. If the possession was not continuous after it was first taken, and the premises for a time remained unoccupied, but possession was resumed without any intervening possession having occurred, the legal *status* of the parties would not be thereby changed. And the right to redeem is now barred.— 5 *Johns. Ch.* 184; 10 *Johns.* 381; 9 *Mich.* 132; 3 *Mich.* 482; 27 *Mo.* 113; 28 *Ala.* 226; *Harr. Ch.* 279; 1 *Mich.* 400; 1 *How.* 189, 193; 2 *Sch. & Lef.* 636.

CAMPBELL J.:

This is a bill filed to redeem. The instrument claimed to be a mortgage was made June 3, 1825, conditioned for the payment of $196, with interest, on or before December 3, 1826.

It appears by the bill that John Biddle, the grantee, sold the land to Daniel LeRoy September 10, 1836, and Daniel LeRoy conveyed by warranty deed to Robert LeRoy, June 23d, 1837. The defendants hold by a series of mesne conveyances.

The bill was not filed until about thirty-four years after the maturity of the mortgage, which is alleged to have remained unpaid, and twenty-four years after the sale

by Biddle to LeRoy. A party seeking to redeem after such a lapse of time, is bound to show affirmatively by his bill such facts as will establish the instrument as continuing in force, and subject to redemption. The defendants demurred generally to this bill for want of equity. We think the demurrer well taken.

It appears affirmatively from the bill, that Biddle and his grantees have, for more than twenty years, claimed and disposed of the premises as absolute owners. It appears also that possession has been held under those titles; but it is averred that it has not been continuous and adverse for twenty years. But it is not averred that it was *taken* within twenty years; and continuous acts of ownership are shown for nearly twenty-five years. The averments in the bill are entirely too uncertain to found a right to redeem upon under such circumstances. No reason is shown excusing the delay, and we can not presume that any exists.

The decree dismissing the bill must be affirmed, with costs.

The other Justices concurred.