## STEPHEN FARGO vs. CYRUS LOVELL.

Where a complainant seeks to redeem real estate conveyed by deed, absolute in form, but intended as a security, which has been in the possession of the mortgagee for over twenty years, the bill must show such facts as will sustain the conveyance as a *still subsisting security* subject to redemption—such facts as brings the case within the statutory exceptions preventing the bar, or rebut the presumption arising from the lapse of time.

Where a party who conveys property apparently in fee, but really as security, and subsequently proposes to relinqish the right to redeem a portion of the property if other property conveyed to secure the same debt should be re-conveyed, and the notes for the unpaid part of that debt surrendered, and where, in response to such proposition the re-conveyance was made and one of the notes re-delivered, and the original grantor became bankrupt before the surrender of all the notes, *Held*, that equity will give effect to the agreement, when such original grantor attempts to enforce his alleged right of redemption.

An injunction may be dissolved where the answer, though not denying specifically the allega tions of the bill, sets up matters which if true, are deemed a sufficient avoidance.

On a motion to dissolve an injunction, where the answer sets up matters in avoidance, the com plainant may reply by affidavits by way of avoidance, either traversing it or avoiding it by new matter.

*Ionia Circuit, in Chancery.*

Motion to dissolve an injunction.

*Theodore Romeyn,* for Complainant.

*Blanchard, Bell & Dodge,* for Defendant

By the Court, SUTHERLAND, J.—The bill is filed in this case to redeem real estate conveyed by deed, absolute in form, but in fact intended as security, after a possession by the mortgagee for twenty-seven years subsequent to the maturity of the mortgage debt.— Hence it is necessary for the complainant to show by his bill such facts as will sustain that conveyance as a still substituting security subject to redemption. *Reynolds vs. Green,* 10 *Mich.,* 355. They must be facts that bring the case within the statutory exceptions

preventing the bar, or rebut the presumption arising from the lapse of time. *Campau vs. Chene*, 1 *Mich.*, 400.

The bill attempts to avoid the bar that would arise from the lapse of time and the defendant's possession, by alleging that the defendant fraudulently conveyed the property in apparent fee simple to Michael Lovell, in 1842, and that such title was retained by him until 1849; that complainant was not informed of the re-conveyance for some time afterwards, and was soon thereafter under disability from

The bill does not directly allege that the defendant's dock will be ill health, which continued for several years.

It will doubtless be a prominent question on the final hearing whether these facts if proved, explain and excuse the delay, and preserve the right to redeem. I forbear, on this motion, to express any opinion upon it.

The defendant, by his answer, alleges a parol extinguishment of the equity of redemption over twenty years before the filing of the bill, by the agreement of the parties.

This matter in avoidance is set forth circumstantially in the answer, and is not controverted by any contrary showing. The defendant alleges that the complainant proposed in 1841, to relinquish the right to redeem the premises in question if other property conveyed to defendant to secure the same debt should be re-conveyed, and the notes for the unpaid part of that debt surrendered; that defendant immediately made the conveyance, and in 1843, after regaining possession of one of these notes that had been pledged to a third person, he returned them to the complainant on the express understanding that such surrender and cancelment of the notes should be full satisfaction of the equity of redemption.

The complainant became a bankrupt between making his proposition and the surrender of the notes, and had the equity of redemption not been acquired by him afterwards, his acceptance of the notes might have been inoperative to extinguish the right now claimed; but since he now represents that right, equity may undoubtedly give effect to the agreement in aid of the defendant's long possession as fully as though he had owned it without any interruption.

The only plausible objection that can be urged to this defence, on this motion, is that it is matter in avoidance.

Though it has sometimes been held that an injunction will not

be dissolved upon an answer alleging such a defence, notwithstanding it is sufficient if true in point of fact, it not being a responsvie disclosure to a bill asking discovery, and because the practice was supposed not to allow affidavits to be read controverting the facts on which such defence is based, yet I think such is not the modern practice. The complainant may reply on this motion, by affidavit, to the defence, by way of avoidance, either traversing it or avoiding it by new matter, and in the absence of any such showing to the contrary, an injunction may be dissolved in the discretion of the Court, on such a defence being set up. *See Florence vs. vs Bates,* 2 *Code R.* 110; *Opinion by Mason, J.* cited at length in 1 *Wat., Eden on Inj.,* p. 138 and *note* 1. A defendant ought not to be in a worse position for complainant not having anticipated and negatived such defence in his bill.

The injunction is not important to the complainant in respect to the real estate remaining unsold, for a notice of *lis pendens* will subject all purchasers, *pendente lite,* to the final decree. And should the complainant be decreed to be entitled to redeem and have the proceeds of sale which defendant has made, paid over to him, after the satisfaction of the mortgage debt, there is no reason suggested in the bill to doubt the ability of the defendant to respond to such a decree.

The injunction must be dissolved.