## SARAH M. BAENT, ADM'X FOR MARY DAVIS v. GEO. W. KENNICUTT.

*Foreclosure—Demurrer for laches—Outlawry of debt—Personal decree— Agreement to change rate of interest.*

1. Laches in filing a foreclosure bill cannot be urged upon pleadings and proofs if the action is not barred; the objection should be taken by demurrer.

2. The presumption based on lapse of time that a mortgage has been paid, is one that can be rebutted by circumstances; and the bar to a foreclosure suit, which equity has sometimes interposed by analogy where the debt would be outlawed, is equitable only, and not legal.

3. Where the right of action for a debt is barred, there can be no personal decree on foreclosure of the mortgage that secures it.

4. An agreement indorsed upon a note and changing the rate of interest thereon, if made while the note is in the owner's possession, and stamped with an internal revenue stamp, is presumed to have been made by the owner or by his authority, even if not signed.

Appeal from Kalamazoo. (Mills, J.) June 3.—June 10.

FORECLOSURE bill. Defendant appeals. Decree modified.

*L. B. Des Voignes* and *Dallas Boudeman* for complainant. The presumption from lapse of time that a mortgage has been paid is not conclusive, but may be rebutted by facts, circumstances and admissions: 2 Jones on Mortgages, §§ 1196–7, 1157, 1163, 1167, 1171 ; Angell on Limitations, 457–8 ; *Abbott v. Godfroy's Heirs* 1 Mich. 179 ; *Mich. Ins. Co. v. Brown* 11 Mich. 272 ; *Curtis v. Goodenow*, 24 Mich. 18 ; *McK. Cowie v. Fisher* 45 Mich. 629 ; *Baldwin v. Cullen* 51 Mich. 33 ; the acknowledgment in a letter of an existing absolute claim is sufficient for the purpose: *Stansfield v. Hobson* 3 De G. M. & G. 620; Id. 16 Bevan 236 ; Ang. on Lim. § 231 ; How. Stat. § 8709, limiting the foreclosure of mortgages to fifteen years, covers this case : *Parsons v. Wayne Circ. Judge* 37 Mich. 287 ; *Krone v. Krone* id. 308 ; *Breitung v. Lindauer* id. 217 ; under the circumstances under which decedent was living with defendant's wife and family, there could not be, as the facts are here, any implied contract on her part to pay for her board ; *Scully v. Scully's Ex'rs* 28 Ia. 548 ; *Carpenter v. Willer* 15 Hun 134; *Shrorley v. Bennett* 6 Lans. 512 ; *Bowen v. Bowen* 2 Bradf. (N. Y.) 336 ; *Broughton v. Smart* 59 Ill. 440 ; *Coe v. Wager* 42 Mich. 49 ; *Cauble v. Ryman* 26 Ind. 207 ; *Schnell v. Schroder* 1 Bailey (S. C.) Ch. 334 ; *Neel's Admr. v. Neel* 59 Penn. St. 347 ; *Kelly's Estate* 1 Tucker (N. Y. Surr.) 28 ; *Ayers v. Hull* 5 Kan. 419 ; *Cropsey v. Sweeney* 27 Barb. 310 ; *Hartman's Appeal* 3 Grant (Penn.) Cases 271 ; *Updike v. Titus* 13 N. J. Eq. 151 ; *Slate v. Connoway* 2 Houst. (Del.) 206 ; *Lovet v. Price* Wright (Ohio) 89 ; *Sprague Admr. v. Waldo Admr.* 38 Vt. 139.

*Edwin M. Irish* for defendant. Laches of twenty years in foreclosing must be excused by the bill: *McLean v. Barton* Har. Ch. 279 ; *Campau v. Chene* 1 Mich. 400 ; *Reynolds v. Green* 10 Mich. 355.

CHAMPLIN, J. The bill was filed to foreclose a mortgage covering certain real estate in Kalamazoo, executed by

George W. Kennicutt and his wife, on the 16th day of April, 1860, to Mary Davis, to secure the payment of $420, one year after date, with interest at the rate of ten per cent. per annum, according to the conditions of a certain promissory note of even date of the mortgage. This mortgage was, on the 1st day of April, A. D. 1863, duly assigned by Mary Davis, the mortgagee, to a person of the same name, Mary Davis, who died before this suit was commenced, and is now represented by complainant as her administratrix.

There are several indorsements made of payments on the note and upon the mortgage, but no proof, other than such indorsements, was offered by complainant to show that they had actually been made; and the defendant, while inferentially admitting in his answer the making of said note and mortgage, and also testifying to it upon the stand, also testified that he never made any of the payments of the indorsements appearing upon the mortgage, and testified that nothing in fact had been paid thereon. There is no question raised in the case but that the note and mortgage were originally a valid indebtedness, and the complainant's right to a decree is resisted upon two grounds. They are these:

*First.* The answer claims that the defendant did not make said mortgage at any time within twenty years before the date of commencement of said suit, and that within twenty years he had not made any payments on said mortgage, and that he had not within that time made any promise recognizing said note and mortgage.

*Second.* The answer of defendant also claims that the said Mary Davis, deceased, was a sister of defendant's wife, and that she was an inmate of his family from 1838 until 1881, except for about two years, and that during all that time defendant furnished her board, washing, and clothing, and with care and attention when she was in poor health, and that for the care, board, clothing and attention, said Mary Davis never paid any consideration to the defendant, and that long ago it had been considered that on account of the relationship she had to his family, the note she held against defendant should offset the expense of furnishing her a home in his family,

and that by means of said board, care, washing, etc., said note has been fully paid.

The suit was commenced October, 1883. Attention is called by defendant's counsel to the face of the bill; that it does not set out any payments as having been made on the note and mortgage; and that it appears to be an attempt to foreclose a mortgage that became due April 16, 1861, without showing any excuse for the laches; and counsel claims that the bill shows no equity that entitles complainant to the relief prayed. In support of this position he cites the following cases: *Hurlbut v. Britain* 2 Doug. (Mich.) 191; *McLean v. Barton* Har. Ch. 279; *Campau v. Chene* 1 Mich. 400; *Reynolds v. Green* 10 Mich. 355; *Ford v. Loomis* 33 Mich. 122.

The case of *Ford v. Loomis* is not in point. The others are cases where the objection was taken by demurrer. In this case the objection is not raised by demurrer, but by answer, and the case is before us upon pleadings and proofs. Had the objection been taken by demurrer, the complainant would have been obliged to go out of court, or amend his bill showing that the suit was not barred by the laches of the holder of the mortgage. But the objection to the bill cannot be urged upon the hearing upon pleadings and proofs, if the proofs show that the action is not barred.

Prior to 1879 there was no statute of limitations in force in this State applicable to mortgages upon real estate, and no conclusive presumption of payment, after a certain period had elapsed, existed by express legislative enactment. But courts of equity, following the analogies of the law, have refused relief in cases where it would have been barred at law by lapse of time. The bar is not, however, a legal, but an equitable one, and the presumption of payment may be rebutted by circumstances. *Abbott v. Godfroy's Heirs* 1 Mich. 179; *Michigan Ins. Co. v. Brown* 11 Mich. 272; *Curtis v. Goodenow* 24 Mich. 18; *McKinney v. Miller* 19 Mich. 142; *Baldwin v. Cullen* 51 Mich. 33.

The evidence in this case shows conclusively that both mortgagor and mortgagee recognized the continued validity

and force of the mortgage debt. The defendant introduced several witnesses, who testified to conversations with complainant's intestate, in which she claimed the existence of the mortgage, and that nothing had been paid upon it, and as late as January 26, 1882, the defendant wrote to Miss Mary Davis, the person who held the mortgage, also recognizing the existence and validity of the mortgage, and his obligation to pay the mortgage debt. The language used by him in the letter is as follows: " In the meantime I will like to know your whereabouts, in case Mr. De Yoe finds a buyer for my house and lot, as I will want you to get your money and discharge the mortgages you have on the place, so I can give a good title."

We think the evidence in the case clearly rebuts the presumption of payment raised by the lapse of time, especially when taken in connection with what the evidence discloses was the object and purpose of complainant's intestate in purchasing the mortgages. Miss Davis, the assignee of the mortgage, was sister to Mrs. Kennicutt, the wife of defendant. This mortgage was upon the homestead. Mr. Kennicutt was in straitened circumstances, and Miss Davis purchased the mortgage so that her sister might not be deprived of a home during her life. Miss Davis also lived in the family as a member thereof. She assisted in household duties, not as a servant, but as one of the family. I do not think it was intended to charge her for her board, and that part of the defense is not made out.

The indorsement of interest upon the mortgage and note must be allowed. The mortgage was assigned to complainant's intestate on the 1st day of April, 1863, and on the 6th of April, 1863, she agreed with defendant, as appears by an indorsement on the note, that the note should, from and after that date, bear but seven per cent. interest per annum. The interest must be computed at that rate from that date. There can be no personal decree against defendant for the mortgage debt represented by the note, as the right of action upon that was long since barred by the statute of limitations.

The court below computed the interest at the rate of ten

per cent. Although the indorsement on the note is not signed, it is stamped with a five-cent internal revenue stamp, and being indorsed upon the note while in the possession of the owner, Miss Davis, it is presumed to have been made by her, or by her authority and direction, and is evidence of an agreement to change the interest from ten to seven per cent. This indorsement was offered in evidence by complainant, and she must be bound by it.

The decree appealed from must be modified in this respect, and, as modified, affirmed, with costs of this Court to de-defendant; the sale to occur on or after September 1, 1885, if the amount decreed and costs are not sooner paid.

The other Justices concurred.