STONE *v*. STONE.

1. DIVORCE—DISMISSAL FOR WANT OF PROSECUTION.

The dismissal of a bill for divorce for want of prosecution is warranted, where the complainant, after obtaining an order for temporary alimony and a solicitor's fee, and after receiving the alimony for about four months, made no further progress in the case; and defendant, after several years, obtained a divorce in another State on the ground of desertion, and remarried, but continued to contribute to the support of complainant's daughter, who was permitted to visit him, and the complainant knowing of the remarriage, made no demand for the unpaid solicitor's fee and alimony for thirteen years, when she threatened to proceed to enforce collection.

2. SAME—CONTEMPT—ALIMONY.

An allowance of temporary alimony is not intended to extend over a period of thirteen years, and in the absence of a demand for its payment during that period, the defendant is not in contempt so as to affect his right to have the bill dismissed for want of prosecution.

Appeal from Wayne; Hosmer, J. Submitted June 17, 1910. (Docket No. 81.) Decided July 14, 1910.

Bill by Flora H. Stone against Forrist P. Stone for a divorce: On petition of defendant to dismiss the bill for want of prosecution. From a decree for petitioner, complainant appeals. Affirmed.

*Hunt & Altland*, for complainant.

*Frank C. Cook*, for defendant.

BROOKE, J. Complainant appeals from a decree dismissing her bill of complaint.

The parties were married in the year 1885. Complainant filed a bill of complaint for divorce, upon the ground of nonsupport, on June 21, 1895. Defendant filed his appearance, and on July 1, 1895, an order for alimony and

solicitor's fee was made, fixing the alimony, pending the cause, at $5 per week, and the solicitor's fee at $25. Defendant paid the alimony for 16 weeks, but did not pay the solicitor's fee. At the time the bill was filed, the parties had one child, a girl, three years of age. This child is now between 18 and 19 years old. Defendant moved from Detroit to Cleveland shortly after the bill was filed, and paid a portion of the alimony from that city. After paying temporary alimony for four months he ceased, and for a period of about three years heard nothing from complainant. He claims he then made inquiries as to the whereabouts of his wife, and the condition of the suit; that he learned that complainant had left Detroit, but could not learn her whereabouts, and found that she had not proceeded with her suit for divorce. He thereupon, believing that she had abandoned her suit, filed a bill for divorce upon the ground of desertion, in Cuyahoga county, Ohio, and on May 25, 1898, was granted a decree; service upon defendant having been obtained by publication. In that year he remarried in the State of New York, and has ever since lived with his second wife. Complainant knew of this divorce and remarriage in 1899 or 1900, and since that time has permitted her daughter to pay frequent and lengthy visits to her father, defendant herein. Defendant claims, and complainant does not deny, that since the year 1900 he has contributed largely to the support of their daughter. In the year 1908, complainant, through her counsel, made a demand upon defendant for the unpaid temporary alimony, then in arrears for about 13 years, and amounting to more than $3,000, and threatened to take proceedings for its collection.

Whereupon defendant, in May, 1908, filed his petition in this cause, praying that complainant's bill be dismissed for want of prosecution. This petition was answered by affidavit of complainant in November, 1909, but the material facts set out in the petition were not denied. The only reason offered by complainant for her failure to proceed seasonably with her suit was that defendant had not

paid the $25 solicitor's fee ordered by the court, and her solicitor refused to prosecute her cause to decree until said fee was paid.   It is her claim that she was herself financially unable to pay said fee.   The record does not show that she made any demand on defendant at any time to pay it, but, on the contrary, it does appear affirmatively that she allowed her case to slumber for nearly 13 years, during 8 of which, at least, she knew that defendant had secured a divorce in Ohio, and that, relying thereon, another woman had entered into marital relations with him.

Can she be heard at this late day, and under this state of facts, to object to the dismissal of her bill of complaint upon the ground of gross laches in failing to seasonably prosecute her suit to final decree?   We are of opinion, that it would be inequitable and against sound public policy to permit her to do so.   Had she been ignorant during all these years of her husband's whereabouts, and of his acts relative to their marriage, and to his new status, a different situation would be presented.   But with full knowledge of his acts, she voluntarily elected to stand aloof, and permit another woman to sustain the relationship of wife towards the man, who, if her present position is tenable, is still her husband.   Equity will not lend its aid to those who are not diligent in protecting their own rights. The original controversy between the parties has become stale, the facts remote, and the witnesses, doubtless, dispersed.   It would, at this late day, be extremely difficult to arrive at the truth, and no court should undertake to do so.   As was said by this court in *Zoellner* v. *Zoellner*, 46 Mich. 511 (9 N. W. 831):

"The proceeding is consequently subject to the proposition that the public peace and good order are concerned in withholding the assistance of equity from those who grossly neglect to take care of their own rights."

See, also, *Reed* v. *Reed*, 52 Mich. 117 (17 N. W. 720, 50 Am. Rep. 247), and cases cited therein.

It is urged that inasmuch as defendant is in default in

payment of alimony, he is in contempt, and therefore in no position to demand favors from a court of equity. *McClung* v. *McClung*, 40 Mich. 493. As before pointed out, no demand was made upon defendant for 13 years. It can scarcely be claimed that the demand made in 1908 was such a demand as is required to be made for *temporary alimony*. Such an allowance, as its name indicates, means an allowance for such temporary period as is reasonably necessary to permit the cause to proceed to a final decree. It is not contemplated that such an order shall be extended over a period of years. To meet such a situation the rights of the parties should be fixed by decree. But we are disposed to view the demand of defendant herein not as a favor, but as a matter of strict right.

The case of *Abe Stein Co.* v. *Wood*, 151 Mich. 657 (115 N. W. 1046), relied upon by complainant, is not in point. In that case and in those cases cited therein, the cause was at issue, and either party might have noticed it for trial. In the case under consideration there was neither answer nor replication, defendant of his own motion could not have brought it on for hearing, while complainant, upon taking his default, could have, at any time, proceeded to decree.

The decree is affirmed, but without costs.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.