JUDSON *v.* JUDSON.

1. DIVORCE—JURISDICTION — CONFLICT OF LAWS — FOREIGN JUDGMENT.

Courts of chancery, having no authority in divorce proceedings in addition to that conferred by statute, may not award alimony for the support of a minor child, in proceedings supplemental to a decree of divorce obtained *ex parte* in a foreign State by the wife who was not awarded alimony by such decree.

2. SAME—ALIMONY—EQUITY.

Neither the Constitution nor the law of comity authorizes the courts of this State to take over by supplemental proceedings a suit begun in courts of another State where different statutes prevail, and enter a decree requiring defendant to support his child.

3. SAME.

Such a proceeding is an independent suit, in which alimony cannot be awarded.

4. SAME—SEPARATE MAINTENANCE—STATUTES.

Authority to so order is not conferred by 3 Comp. Laws, § 8686, conferring the right of separate maintenance upon the wife.

5. SAME—LACHES—REVISING DECREE—JUDGMENT.

> After nineteen years, a decree of divorce entered in a foreign jurisdiction will not be revised by courts of this State so as to allow alimony in favor of complainant, who became a resident of Michigan within a year subsequent to obtaining the decree and lived for a part of the time in the same town with her former husband, he refusing to contribute to the support of herself or child, and asserting that he was under no obligation to contribute anything: laches bars any rights that complainant may have had.

Appeal from Wayne; Hosmer, J. Submitted April 11, 1912. (Docket No. 46.) Decided July 11, 1912.

Bill by L. Grace Judson against Frank Judson for an order awarding alimony to support a minor child of defendant. From an order sustaining a demurrer to complainant's bill, she appeals. Affirmed.

*John T. Nichols* (*James G. McHenry*, of counsel), for complainant.

*Arthur Brown* and *Frank De Vine*, for defendant.

STEERE, J. In this suit complainant appeals from a final decretal order of the Wayne circuit court, in chancery, sustaining a demurrer to her bill of complaint, which was filed to compel defendant to provide for the support of herself and minor child, Esther Judson, now 19 years of age. The bill of complaint alleges: That complainant and defendant were married at St. Paul, Minn., on March 15, 1892, and lived together in that State until April 14, 1893, when defendant deserted her and went to Ann Arbor, Mich., where he has since resided; that she thereupon applied for and obtained a divorce from defendant in the district court of Blue Earth county, Minn., where she was then living, the decree, dated June 19, 1893, being one of absolute divorce, granted on the ground of extreme cruelty, and giving complainant the custody of their minor child, then an infant. Service of process upon defendant was in its nature a substituted service, although personal-

ly served upon him in Washtenaw county, Mich., by the sheriff of said county. In June, 1893, shortly after obtaining her divorce, complainant returned to Ann Arbor, Mich., which was her former home, where she resided for about two years, when she removed to Detroit, Mich., where she and her daughter have since resided.

The bill further alleges that at the time of obtaining her divorce in Minnesota she was advised by her counsel that subsequent proceedings would be instituted, and arrangements made, to secure alimony and support for herself and child, and in answer to subsequent letters said assurances were repeated; that while she was living in Ann Arbor defendant and members of his family tried to induce her to remarry him, which she refused to do; that, in answer to her request that some provision be made for the support of herself and child, he asserted he was under no obligation to do so, and would do nothing for them, unless remarried to her; that since her divorce she has, by her own labors acting as nurse, supported herself and child, defendant never contributing anything thereto; that her daughter has at times suffered from severe sickness, the effects of which continue, to a greater or less degree, so that she has never fully recovered, and is able to earn little or nothing for herself; that both complainant and her daughter are unmarried, and defendant is amply able to provide for both of them a proper support. The prayer of the bill asks that he be compelled to make provision for the future support of complainant and their daughter during minority, and that an accounting may be had to determine the expenses complainant has already incurred in the support of their child, for which she asks a decree against him.

To this bill of complaint defendant, by his solicitor, filed a demurrer setting forth numerous causes therefor, most of them, in different forms, based on the contention that equity has no jurisdiction to entertain a suit of this character. The defense of laches and the statute of limitations is also set up. It is also claimed, as a ground of

demurrer, that it appears from the allegations of said bill that complainant was awarded the care and custody of their child by the decree of divorce obtained in 1893, which she has maintained ever since, to the exclusion of all rights and privileges of the defendant as a parent, hav-. ing refused him the care and custody of said child during all said time, and deprived him of her society and services, or any part thereof, by reason of which he was released from any obligation to care for, maintain, and support her. Upon the hearing before the Wayne circuit court in chancery said demurrer was sustained, and complainant's bill dismissed.

The two questions of importance raised by defendant's demurrer are want of jurisdiction and laches. So far as the bill discloses, complainant never was the wife of defendant in the State of Michigan. She was, of her own volition, married and divorced in another State, and returned to her former home in Michigan a single woman. Within two months of the time defendant left her she was a resident of the same town with him, in this State. Had she seen fit to remain his wife for that short time, she could have proceeded against him in this jurisdiction, under the statute to enforce separate maintenance for herself and child, or could subsequently have filed her bill for divorce and alimony in the county where they resided. She did not see fit to do so, but, choosing her forum in a foreign jurisdiction within 15 days from the time defendant left her, she began divorce proceedings there, which resulted in a decree of absolute divorce with custody of their infant child. It is manifest she or her counsel then knew defendant was residing in Michigan at her former home town, for process was personally served on him there. Thereafter no longer the wife of defendant, she could not proceed against him for separate maintenance as such under the statute; and, not being his wife, she could not file another bill against him for divorce. Alimony is incident to the marriage relation, and, as a rule, contingent on divorce proceedings. The only divorce proceedings she has

had, or can have unless she marries again, were instituted and prosecuted by her to a final issue in another State, on her own choice of forum, 19 years ago.

It is the contention of her counsel that, under the comity of courts and the constitutional provision that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State, "she is entitled to have this bill sustained as supplemental to the Minnesota proceedings, just as if the divorce had been granted in this State."

It has been repeatedly held that our circuit courts in chancery have no common-law jurisdiction in divorce proceedings, but are limited by the authority conferred by statute.

When, on granting to the wife a divorce, children are taken from parental control of the father and committed to her care and custody, the court granting the divorce may decree to her such part of her husband's estate and such alimony as is deemed just, having regard, among other things, to the fact that she is given the additional burden, as well as privilege, of caring for and maintaining such children. It must be awarded to her, though for their benefit. No sum can be decreed to be paid to the children, even during their minority. *Swiney* v. *Swiney*, 107 Mich. 459 (65 N. W. 287); *Maslen* v. *Anderson*, 163 Mich. 477 (128 N. W. 723).

The statute gives no authority to base such award on a decree of divorce obtained in a foreign jurisdiction. Neither the Constitution nor law of comity authorize or require the chancery court of one State, limited in its jurisdiction by statute, to take over, by supplemental proceedings, a suit begun in the courts of another State where other statutes obtain.

We are constrained to regard this as an independent suit in this State, and, in the absence of appropriate legislation, alimony cannot be allowed, independent of divorce proceedings and existence of the marriage relation in courts of equity. *Peltier* v. *Peltier*, Har. Ch. (Mich.)

19; *Perkins* v. *Perkins*, 16 Mich. 167; *Wright* v. *Wright*, 24 Mich. 180; *Eldred* v. *Eldred*, 62 Neb. 613 (87 N. W. 340).

We are not unmindful of the provisions of section 8686, 3 Comp. Laws, conferring upon the chancery courts jurisdiction to compel husbands to support their wives under certain circumstances, though no divorce proceedings are pending; but a valid marriage and the relation of husband and wife are prerequisites to such proceeding. In this case no valid marriage exists, the parties are not husband and wife and never have been, within the State of Michigan.

According to the allegations in complainant's bill, she slumbered on her rights, and took no legal steps to enforce them for 18 years after her right of action arose. Her daughter, then an infant, has since grown to young womanhood. Nineteen years ago, then divorced from her husband, she was residing in the same city and in communication with him. He had refused to contribute to the support of herself and child unless she would marry him again, and she refused to do so. If she ever had a right of action in this State, it then arose. Her excuse for the laches, imputable to so long delay before taking action, is that her attorneys in Minnesota advised her some provision for the maintenance of herself and child would be made by the court which granted her divorce, upon which she alleges she relied, and that defendant, who resided in Michigan, told her that he was under no legal obligations to support herself and their child, and would not do so unless again married, which statement she alleges she believed. Neither the promises or advice of her own counsel nor a belief in assertions of immunity by a prospective defendant are excuses for laches.

The decree of divorce, which she herself obtained in another State so promptly after her right of action arose, and which was acquiesced in for 18 years, cannot now be disturbed by another court, in another jurisdiction, for the purpose of reviewing the question of alimony. *Roe*

v. *Roe*, 52 Kan. 724 (35 Pac. 808, 39 Am. St. Rep. 367); *Eldred* v. *Eldred, supra; Nichols* v. *Nichols*, 25 N. J. Eq. 60.

The action of the trial court in sustaining defendant's demurrer and dismissing the bill of complaint is affirmed, with costs.

MOORE, C. J., and McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.