PARKINSON v. PARKINSON.

1. DIVORCE—SEPARATE MAINTENANCE—EQUITY—LACHES—PLEAD-ING.

In a suit for separate maintenance, the question of laches may be raised by demurrer.

2. SAME—HUSBAND AND WIFE.

Mere lapse of time does not constitute laches unless it results in prejudice to the other party: and, therefore, delay of the wife in attempting to enforce her right to separate support, following litigation over a divorce and her failure to move for about ten years, does not of itself bar her suit under 3 Comp. Laws, § 8686 (4 How. Stat. [2d Ed.] § 11534, et seq.), where complainant filed a bill for divorce soon after their separation and on her discontinuing the proceedings, defendant filed a second bill and obtained a decree which was reversed on appeal, and where complainant made criminal complaint against

her husband for desertion and procured an order that
defendant pay her $3 a week; the order having been
complied with.

Appeal from Wayne; Hally, J. Submitted June 10,
1913. (Docket No. 50.) Decided October 1, 1913.

Bill by Mary E. Parkinson against Charles A.
Parkinson for separate maintenance. From an order
overruling a demurrer to the bill of complaint de-
fendant appeals. Affirmed.

*H. H. Markham,* for complainant.

*Frank W. Atkinson (Moloney & Atkinson,* of coun-
sel), for defendant.

KUHN, J. This is an appeal from an order over-
ruling a demurrer to the petition of complainant filed
under the provisions of section 8686, 3 Comp. Laws
(4 How. Stat. [2d Ed.] § 11534), which confers upon
chancery courts jurisdiction to compel husbands to
support their wives under certain circumstances.
The facts which led up to the filing of this petition
are substantially as follows: Complainant and the
defendant were married September 16, 1877, and
lived together as husband and wife until some time
in 1900, when it is claimed that the defendant de-
serted the complainant. In May of 1900 the defend-
ant filed a bill for divorce in the Wayne circuit court.
An answer was filed and the cause was discontinued
in open court in January, 1901. In December, 1901,
the defendant filed a second bill for divorce. Com-
plainant appeared and a decree was given the defend-
ant in July, 1902, but the decree was reversed by this
court in September, 1903. In September, 1905, com-
plaint having been made in the police court of the
city of Detroit of the failure of the defendant to sup-
port complainant, an order was made by that court

requiring the defendant to pay complainant the sum of $3 per week, which has been done. Various grounds of demurrer are alleged, but the one argued before the court below and urged here is that the complainant has been guilty of laches in presenting her petition to the chancery court, and that therefore her petition should be dismissed.

In this connection, the first question discussed is whether the question of laches can be raised by demurrer. That this can be done is well settled in this State, and it is only necessary to call attention to some of the authorities. *McLean* v. *Barton,* Har. Ch. (Mich.) 279; *Campau* v. *Chene,* 1 Mich. 400; *Reynolds* v. *Green,* 10 Mich. 355; *Baent* v. *Kennicutt,* 57 Mich. 268 (23 N. W. 808); *Eames* v. *Manley,* 121 Mich. 300 (80 N. W. 15); *Judson* v. *Judson,* 171 Mich. 185 (137 N. W. 103).

The court, in his opinion overruling the demurrer, expressed some doubt concerning the right of the defendant to demur or plead in this action, being in doubt whether the full chancery practice followed because the chancery court was given jurisdiction of the petition. As this question is not raised by complainant, it is not before us.

Conceding that the question of laches was properly raised by demurrer, which practice was recognized by this court in *Meyerl* v. *Meyerl,* 125 Mich. 607 (84 N. W. 1109), we are of the opinion that there is no merit in defendant's claim that the petitioner should be barred because she has refrained from compelling defendant to adequately provide for her during the period which has elapsed between the time she claims the desertion took place and the time of the institution of these proceedings.

The mere lapse of time does not necessarily constitute laches. It must result in changing the position of the other party. *Quinn* v. *Tully,* 174 Mich. 30 (140 N. W. 492).

. In the case of *Stone* v. *Stone*, 162 Mich. 319 (127 N. W. 258), to which our attention is challenged, one of the parties remarried after a divorce had been obtained in another jurisdiction while a suit for divorce had been pending in this State. It was held that the failure to press this suit for 13 years, during 8 of which complainant knew of the other divorce, and that, relying thereon, defendant remarried, would prevent her from objecting to a dismissal of her bill. The court said:

"We are of opinion that it would be inequitable and against sound public policy to permit her to do so."

In *Reed* v. *Reed*, 52 Mich. 117 (17 N. W. 720, 50 Am. Rep. 247), where laches was held gross, a divorce had been obtained in another jurisdiction and apparently was acquiesced in for 13 years, and the complainant remained apart from defendant against his will and in disregard of his repeated requests to return to him.

In the case of *Judson* v. *Judson*, *supra*, the demurrer was sustained on the ground of laches because the court found that no valid marriage existed and the parties were not husband and wife and never had been, in the State of Michigan.

In the instant case the petition charges desertion on the 24th day of July, 1900, and that defendant has refused to live with her from that time on, and that she was without fault and gave him no just cause for deserting her. Under our statute, the desertion must be continuous for a period of two years before she could file a bill for divorce on that ground. Can it be said to be less desertion if complainant concluded to show tolerance and wait for a longer period? The purpose of placing the period at two years was undoubtedly to prevent hasty action in alleging this ground for separation. Complainant has been patient

and overlooked the shortcomings of defendant. Her forbearance should not now be rewarded by denying her relief if she is entitled to it.

The order of the court overruling the demurrer is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.