VANCE v. VANCE.

1. DIVORCE—DESERTION—NONSUPPORT—ALIMONY—RECORD.
  In husband's suit for divorce on ground of desertion wherein wife sought decree of divorce on cross bill for nonsupport and extreme cruelty, decree on cross bill in which defendant was granted divorce and $50 a month alimony was amply justified by record showing that plaintiff had finished his scholastic education and abandoned and failed to support his wife and their child for a period of about 20 years after the marriage while defendant toiled as a maid to support herself and educate her daughter.

2. SAME—LACHES—RECORD.
  In husband's suit for divorce on ground of desertion in which wife sought divorce because of nonsupport and extreme cruelty, plaintiff's claim defendant was not entitled to any relief because of laches *held*, without merit even when considered, notwithstanding question was not raised in court below nor set forth in plaintiff's statement of questions involved or in his reasons and grounds for appeal, especially where record shows she did not know of his whereabouts for many years.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 8, 1942. (Docket No. 49, Calendar No. 41,667.) Decided February 11, 1942.

Bill by Mahlon Vance against Mary Vance for an absolute divorce. Cross bill by defendant for an absolute divorce and other relief. Decree for defendant. Plaintiff appeals. Affirmed.

*Edgar A. Beauchamp* and *Hugh K. Davidson,* for plaintiff.

*Edward Bryant,* for defendant.

CHANDLER, C. J.   The parties to this cause were married at or near Salem, Indiana, on February 23, 1920.   At that time, plaintiff was 19 years of age and the defendant 15 and one-half.   On February 15, 1920, eight days before the marriage, defendant gave birth to a child.   The arrangements for the marriage were made by the respective fathers of the parties.   Plaintiff and defendant had been keeping company for about two years prior to the marriage and no question has ever been raised as to the parentage of the child.

There is some conflict in the testimony as to whether or not the parties ever lived and cohabited together subsequent to the marriage.   Defendant and her mother testified that during the year 1920, plaintiff called at the home of defendant's parents about six times and stayed over night with defendant.   If he did, and we think the record shows that such was the case, the occasion of his last call in 1920 was the last time he ever saw his wife or daughter until they met in the court room at the trial of this case in Detroit on April 14, 1941.

The record is conclusive that plaintiff never contributed one dollar for care or support of either wife or daughter.   Neither did he ever write his wife or make any attempt to communicate with her or his daughter after he completed his educational course in 1921.

It is claimed by plaintiff that immediately after the marriage. he asked his wife to come to his parents' house, in rooms they would provide, and live with him as soon as she was well enough.   This was denied by defendant and her mother.   If he did do this, it was the only time he ever offered to provide a home for his family.

It appears from the record that plaintiff was expelled from his school immediately after his mar-

riage, and that he was not to be allowed to return without permission of his wife's parents. This permission was granted and he finished his education, taught school for a time, and then went to Detroit in 1923 or 1924, where he has since resided. In June, 1924, soon after arriving at Detroit, he secured a position with the Detroit Edison Company where he is still employed at a salary of $65 per week.

On September 29, 1939, plaintiff filed a bill of complaint, charging defendant with desertion and praying for a decree of divorce. Defendant answered, denying the allegations of plaintiff's bill, and filed a cross bill wherein she charged plaintiff with nonsupport and extreme cruelty and prayed for a decree of divorce and for an award of alimony.

The cause was heard upon the pleadings and proofs taken in open court. The court dismissed plaintiff's bill of complaint and awarded a decree of divorce to defendant and also awarded her permanent alimony at the rate of $50 per month to be paid until further order from the court. It was further decreed that plaintiff should forthwith pay to the attorney for defendant the sum of $100 as attorney fees, and that the temporary injunction then in force continue until the further order of the court. It is from this decree that plaintiff appeals.

Appellant's statement of the question involved is as follows:

"Where plaintiff and defendant, husband and wife, were married 8 days after the birth of their child, never lived together and upon final decree of divorce 21 years later there is awarded to the wife $50 per month permanent alimony, in addition to $755 which she has received as temporary alimony and attorney fees, is such allowance of $50 per month reasonable and warranted under the discretionary powers of the trial judge?"

We also wish to quote from the findings and opinion of the trial court as follows:

"The court must first decide whether or not the plaintiff is entitled to a decree against the defendant, Mary Vance.

"After listening to the testimony, the court is of the opinion, having had the opportunity of hearing and seeing the witness here, that the defendant is not guilty of abandonment; that the plaintiff failed to provide a proper home for the defendant after their marriage, failed to provide any home. After their marriage he went back to school. The defendant was good enough to remain with her parents and wait until he was through school and finished his studying. That same opportunity was not provided for the defendant, who also was attending school at the time of this marriage; she was denied that right. She was compelled to go to work and provide means of supporting the child of these parties. She did work and earned considerable money during these 20 odd years. All the defendant (plaintiff) paid for the support of this child was that amount which he was asked to pay under an order of this court, which amounted to a little over $300. He paid that amount of money for the support of this girl.

"From what the court could observe this girl has received * * * a good education and she is well trained, well clothed, has had a fine bringing up, all to the credit of this defendant, Mary Vance.

"Mary Vance has filed a cross bill in this case, also asking for a decree of divorce. She charges this defendant with nonsupport and extreme cruelty.

"After hearing her testimony the court is of the opinion that she is entitled to a decree, she is entitled to the relief asked for in this case.

"It seems to me in this case, where this plaintiff and cross defendant has failed to support his wife and this child for 21 years, has not provided any

means of support when he was able to do so, has failed to do that which he was bound to do as a father and a husband, there is nothing for the court to do but enter a decree on behalf of the cross plaintiff, against the cross defendant, a decree for absolute divorce, and granting the cross plaintiff in this case alimony until the further order of this court of $50 a month, and $100 attorney fee, and that is until the further order of this court."

From the record, we find ample justification for the findings of the trial court and the entry of a decree in accordance with such findings.

The record discloses that defendant, for a period of more than 20 years subsequent to her marriage to plaintiff, toiled as a maid for wages of from $5 to $10 per week to support herself and to support and educate her daughter, all of which plaintiff was legally and morally bound to do; and that plaintiff cruelly and cowardly relieved himself of the responsibilities of a husband and father by abandoning his wife and child in a southern Indiana town, coming to Michigan, and, although of ample ability so to do, neglecting and refusing to furnish them with any support whatsoever. Nothwithstanding his wrongful conduct, plaintiff comes into a court of equity seeking to be relieved of all future responsibility to his family. This was properly denied, and we find that the trial court committed no error in the entry of the decree.

Appellant urges that defendant is not entitled to any relief because of laches. The question of laches was not raised in the court below. It is not set forth in plaintiff's statement of questions involved, and was not set forth in his "reasons and grounds for appeal." We have, however, given consideration to this question, and determine that it is without merit. See *Reed* v. *Reed,* 52 Mich. 117 (50 Am. Rep.

247); *Stone* v. *Stone,* 162 Mich. 319; *Parkinson* v. *Parkinson,* 177 Mich. 336.

Furthermore, it should be borne in mind that defendant was not the moving party, and the record shows no acquiescence on her part in the wrongful conduct of plaintiff in refusing her support. In fact, the record shows that she did not know plaintiff's whereabouts until the order for her appearance was served upon her by mail at her employer's place of residence in a Wisconsin town.

The decree is affirmed, with costs to defendant.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.