McGURRIN SALES AGENCY *v.* JACKSON CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—APPEAL—NOTICE OF TRIAL—JUDICATURE ACT.
   Under the present practice under the judicature act (3 Comp. Laws 1915, §§ 12573, 12576) where defendant took a general appeal from a judgment against it in justice's court, but did not enter any appearance in the cause in the circuit court, it was not entitled to notice of trial; the case being placed upon the calendar for the next ensuing term of court in its appropriate place in the order in which the appeal was filed.

2. MANDAMUS—RETURN TO BE TAKEN AS TRUE UNLESS TRAVERSED.
   On mandamus against a circuit judge, the return of the judge unless traversed must be taken as true.

3. SAME—SETTING ASIDE JUDGMENT—DISCRETION.
   Where the return of the circuit judge, in mandamus proceedings to compel him to set aside a default judgment, shows that plaintiff voluntarily, by appeal, submitted itself to the jurisdiction of the circuit court, that it was guilty of negligence in paying no attention to the case after its appeal, that the case was regularly on the calendar, was placed upon call together with other calendar cases, and

in due course was reached for trial, was tried, proofs taken, and judgment duly rendered and entered, there was no abuse of discretion in the refusal of the judge to set aside said judgment.

4. JUDGMENT—AFFIDAVITS—MOTION TO SET ASIDE JUDGMENT.
   An affidavit of merits, in support of a motion to set aside a default judgment, should show a statement of the case to, and the advice of counsel thereon after such statement made.

Mandamus by the McGurrin Sales Agency to compel James A. Parkinson, circuit judge of Jackson county, to vacate an order denying a motion to set aside a default. Submitted June 28, 1921. (Calendar No. 29,674.) Writ denied July 19, 1921.

*M. Thomas Ward,* for plaintiff.

*Simpson & McKone,* for defendant.

STONE, J.   An action was commenced in the justice's court for the city of Jackson by Clarence J. Knapp against the McGurrin Sales Agency, incorporated, of the city of Grand Rapids, the plaintiff herein, and upon the trial of the issue there joined said Knapp was awarded a judgment for $100 damages, and $8.55 costs on November 22, 1920.   The McGurrin Sales Agency considering itself aggrieved, on November 23, 1920, took a general appeal from the judgment of the justice to the circuit court for the county of Jackson.   The justice's return on the appeal was duly filed in the office of the clerk of the circuit court for the county of Jackson on December 1, 1920, and more than 14 days prior to the opening of the January term of said circuit court, and was regularly placed upon the calendar of the said circuit court for trial in the January term.   It appears from the answer or return of the defendant, the circuit judge, and

is not denied by plea, that the plaintiff herein, the appellant from the judgment aforesaid, did not enter any appearance in the cause in the circuit court, and the case being regularly on the calendar for trial at the January term, was regularly placed upon call together with other calendar cases, and in due course was reached for trial on the 24th day of January, 1921, and when so reached was tried, proofs having been taken on behalf of the plaintiff therein, and a judgment was duly rendered and entered upon the journal of the court for $100 damages and costs, against the defendant therein, the McGurrin Sales Agency, it not being present or represented at the trial.

It appears from the petition of the plaintiff, and is not denied, that T. G. McGurrin, manager of said agency, received on the 25th day of January, 1921, a proposed taxed bill of costs in said circuit court for $25 attorney fee, and for a $5 clerk's fee as costs against the defendant in said case, together with a letter from Simpson & McKone, the attorneys for the plaintiff therein, stating that a default judgment had been taken against the McGurrin Sales Agency, and demanding the payment of $100 damages and $30 costs; that the above mentioned proposed taxed bill of costs and letter was the first and only notice received by the plaintiff herein, or its manager, that any proceedings whatsoever had been taken in the circuit court in said case, or that any judgment had been rendered against the said agency; that the plaintiff herein never received any notice whatever, either from the said Knapp or his attorneys, or from said circuit court that any proceedings had been had, or that the case would come up for trial on the 24th day of January, 1921; that on the 3d day of February, 1921, acting through its attorney, the McGurrin Sales Agency filed a motion in said circuit court to

set aside the default judgment in said case, with an affidavit of said McGurrin in support of said motion, with an averment that the defendant therein had a good defense on the merits in said cause; and that on February 14, 1921, said motion was heard and denied, unless the attorneys for the plaintiff therein would consent that the judgment and default be set aside, which consent was refused. Plaintiff prays that a writ of mandamus issue directing the defendant circuit judge to set aside the default judgment aforesaid.

The answer of the defendant (to which there was no plea) states, among other things, that no attorney had appeared for said McGurrin Sales Agency in the circuit court, admits that said agency was located in the city of Grand Rapids, but denies that it was in no position to follow the calendar in the circuit court, or know that said cause was on call for trial, and says that said agency could have arranged with either the court, or the clerk thereof, to inform it that such case was on the calendar, and also to inform it when such cause was placed upon the call for trial, and that no case is forced for trial upon the same day it is placed upon the call, and that in not taking any steps in the premises to ascertain these matters, the plaintiff herein was negligent and alone is at fault. The defendant further returned as follows:

"This defendant says said motion came on and was heard as stated but it was the judgment, not default, this defendant expressed his willingness to set aside and grant a trial, if the plaintiff's attorneys would consent, which they declined to do. What occurred at that time was taken down by the court stenographer, and from his transcript the following appears, commencing with a reference to plaintiff's motion:

" 'It does not even ask that the judgment be set aside, but the claimed default. Technically speaking, there was no default in this case. The case was tried because there was a general appeal. It is not a judgment taken by default. * * *

The defendant comes in here and asks to have relief from the consequences of its own negligence, making no complaint concerning the regularity of the judgment, or that the court below had no jurisdiction. So, as this stands, the defendant having taken a general appeal, recognizing thereby the regularity of the proceeding below, and paying no attention to the case in this court, and the plaintiff objecting and declining to consent to the setting aside of the judgment, I am inclined to think I have no authority to set it aside, and it would be an abuse of discretion on the part of the court to do so.'

*  *  *  "But in connection with the motion of plaintiff herein, hereto annexed, I call the attention of this court, as I did that of the parties on the hearing of said motion, that the grounds set forth as its basis were very insufficient. There were but three of these. The first was that the defendant had received no notice; the second that its first notice was the letter with the taxed bill of costs; the third that being situated at a distance, and receiving no notice of trial or proceedings in said cause it was unable to present its defense upon the merits. It will be observed that in McGurrin's affidavit on which the motion is based, he gives as his reason for being in default that defendant expected, had a right to expect, and did rely on his right to receive ample and sufficient notice from this court and from the plaintiff. Not having put itself in a position to claim such notice, the right claimed did not exist, as I believe. There is no sufficient affidavit of merits, and no proper claim of merits set up in the motion. The affidavit says: 'Said defendant has a good defense on the merits,' but was prevented by lack of notice to present said defense. This is not a good affidavit of merits, and defendant there, plaintiff here, was not entitled to notice, and therefore cannot be heard to complain that he was prevented by lack of notice from presenting his defense upon the merits. The affidavit states that for that reason (lack of notice) was defendant in default. The plaintiff in this proceeding brought its case by appeal into this court. It is guilty of great negligence. If deprived of a defense on trial, it is itself solely blamable. It makes and did make no adequate showing either of a meritorious defense or of excuse for its own neglect."

The plaintiff here, after quoting Circuit Court Rule No. 13, makes the claim that the appeal to the circuit court operated as a general appearance and entitled it to notice of all proceedings, and cites authorities which it is urged support the claim. *Crawford* v. *Vinton*, 102 Mich. 83, is cited. It does not support the claim. The authorities cited from other jurisdictions are not applicable to our practice. *Butcher* v. *Cappon & Bertsch Leather Co.*, 148 Mich. 552 (12 Ann. Cas. 169), is not pertinent to the question we are considering.

Counsel for plaintiff also cites Circuit Court Rules Nos. 9 and 10. These rules do not aid the plaintiff. Neither of them entitles a party to a notice of trial under the present practice. Counsel also cites section 14417, 3 Comp. Laws 1915, being section 17 of chapter 78 of the judicature act. It provides that:

"On filing the return of the justice the circuit court shall become possessed of the cause the same as if it had been originally commenced in said appellate court, subject to the same rules and regulations," etc.

Conceding that appealed cases are to be accorded the same method of procedure as original circuit court cases, we fail to see wherein the position of plaintiff is benefited by this statute. Under the provisions of the judicature act, sections 1 and 4 of chapter 18 (3 Comp. Laws 1915, §§ 12573, 12576), no notice of trial or note of issue is necessary. Cases are placed on the calendar in the order in which issue was joined or appeal filed. When a return to any appeal is filed in the circuit court on or before the fourteenth day before the first day of any term of court (as was the case here) it is the duty of the clerk to place the same upon the calendar for the next ensuing term of the court in its appropriate place, and unless sooner tried, thereafter, to place said cause on the calendar for each succeeding term, until disposed of. It is

made the duty of the clerk to cause printed copies of the calendar to be provided at least five days prior to the first day of each term of court, and to mail or deliver a copy of said calendar to each attorney, or firm of attorneys, representing any party in any action or proceeding that is upon the calendar.

These were radical changes from the old practice, but the judicature act had been in operation nearly five years when this appeal was taken. The plaintiff was bound to know the law that required the placing of the case on the January (1921) calendar without notice. As shown by the return of the circuit judge the plaintiff was guilty of negligence in paying no attention to the case after its appeal. Had it caused its attorney to enter an appearance in the case, he would have received a copy of the calendar; but this ordinary precaution was not taken. If the statute and practice are defective they can be amended, but in their present condition we think the plaintiff is in no situation to complain of the action of the defendant. It must be held that no notice was required to be given the plaintiff, and that the judgment as taken and entered is valid. The return of the circuit judge, not being traversed, must be taken as true. *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge,* 208 Mich. 267; *Blickle* v. *Kent Probate Judge,* 211 Mich. 216.

In our opinion the answer of the circuit judge shows that in disposing of the motion to set aside the judgment there was no abuse of discretion. It cannot be said that plaintiff is entitled to a writ of mandamus as a matter of right. That it was negligent clearly appears. It voluntarily, by appeal, submitted itself to the jurisdiction of the circuit court, and now complains that it had no notice of the procedure taken therein, when the statute provides that no such notice was necessary. The practice in the circuit court upon

the trial seems to have been regular.   The issue had been formed in justice's court.   The case was in the circuit court upon general appeal, and when reached was regularly disposed of.   The showing of merits is very weak.   An affidavit of merits should show a statement of the case to, and the advice of counsel thereon after such statement made.   As this court said in *McMillan* v. *Wayne Circuit Judge*, 155 Mich. 651, so we say here:

"We deem it sufficient to say that the setting aside of judgments is a matter resting in the sound discretion of the circuit judge, and we find no reason for holding that the defendant abused that discretion."

The writ is denied, with costs to the defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.