### ROBINSON *v.* WASHTENAW CIRCUIT JUDGE.

#### SAME *v.* SAME.

DISMISSAL AND NONSUIT—REINSTATEMENT—MANDAMUS—ABUSE OF DISCRETION.

Where a case was regularly on the calendar for seven terms of court between October 6, 1924, and March 1, 1926, and was dismissed on the latter date under the statute (3 Comp. Laws 1915, § 12574) as one in which no progress had been made for more than a year, it cannot be said that the trial judge was guilty of abuse of discretion in dismissing the case or in denying a motion to reinstate it made eight or nine months after its dismissal, and therefore a writ of mandamus to compel its reinstatement is denied.

Mandamus, 38 C. J. § 127.

Separate petitions for mandamus by Fay Robinson and Claud A. Robinson to compel George W. Sample, circuit judge of Washtenaw county, to vacate an order denying a motion to reinstate actions at law. Submitted April 10, 1928. (Calendar Nos. 33,572, 33,573.) Writs denied June 4, 1928.

*William Henry Gallagher* and *Hugh Shepherd (Edward J. Fallon,* of counsel), for plaintiffs.

*Cavanaugh & Burke (Walter J. Maxey,* of counsel), for defendant.

NORTH, J. These cases arise out of the same circumstances and each presents the same question for determination. The plaintiffs are husband and wife; and the suit by Mrs. Fay Robinson was originally commenced November 25, 1922, against Scott C. Runnells and the regents of the University of Michigan. An order dismissing the case as to the regents of the University was affirmed by this court July 24, 1924. See *Robinson* v. *Washtenaw Circuit Judge,* 228 Mich. 225. The defendant Runnells filed a plea September 12, 1924, and the case was præcipæd on that date as ready for trial. In October, 1925, the clerk of the court informed plaintiff's attorney that the clerk thought the attorney would be notified by the court when this case was placed on the call, but no such notice was given. After the case had been regularly on the calendar for seven terms of court between October 6, 1924, and March 1, 1926, it was dismissed on the latter date under the statute (3 Comp. Laws 1915, § 12574) as one in which no progress had been made for more than a year. Between eight and nine months after this dismissal, the plaintiff moved to have the cases reinstated. This motion was denied; and the circuit judge also denied the plaintiff's subsequent motion to vacate the order denying plaintiff's motion for reinstatement. The plaintiff now seeks by man-

damus to compel the lower court to reinstate the case.

It is urged in plaintiff's behalf that unless the relief sought is granted she will be deprived of a trial of her case on its merits because she is now barred by the statute of limitations from beginning her suit anew. But it can hardly be said that courts should totally disregard a defendant's right to assert the defense afforded by the statute of limitations, since it is only fair to presume that the lapse of time incident to plaintiff's delay may have rendered it all the more important and even necessary that the defendant should have the protection of the statute.   The opinion of the circuit judge filed in this case is in accordance with our former decisions as is indicated by the following quotation therefrom:

"It is not reasonable to suppose that the defendant must keep his witnesses together and know where they are and expect any time the defendant, after the expiration of nearly six years, may be on the alert and ready to try his case.   I think the statute was meant for an entirely different purpose.   It was enacted for the purpose of helping litigants dispose of their cases promptly.   It permitted the court upon its own initiative to clean up the deadwood which accumulates in circuit courts.   *   *   *   I am of the opinion that the case at bar belongs to the class of cases that should be dismissed where no progress has been made for more than a year.   Surely in this case the plaintiff had ample time from October, 1924, until March, 1926, in which to try the case."

See *McGurrin Sales Agency* v. *Jackson Circuit Judge,* 215 Mich. 214.

The record discloses full compliance with the statute in that the case was regularly placed on the calendars of the respective terms of the circuit court and finally listed with those actions in which no progress had been made for more than a year.   A showing was made in plaintiff's behalf that neither of her attorneys received

a copy of the court calendar in which this case was placed with those to be dismissed "for want of prosecution;" but in denying the application to have the cause reinstated, the trial judge must have found against this contention, and he expressly pointed out that no attention whatever was given to the plaintiff's case from March 1, 1926, when it was dismissed, until November 27, 1926, the date of filing the motion to reinstate.   It cannot be said the trial judge was guilty of an abuse of discretion in dismissing these cases, and the application for the writ must be denied in each instance, with costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.