*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OAKWOOD HEALTHCARE, INC.,

        Plaintiff,

and

TIFFANY WIRICK,

        Intervening Plaintiff-Appellant

v

FARMERS INSURANCE EXCHANGE,

        Defendant/Cross-Defendant-
        Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant/Cross-Plaintiff

UNPUBLISHED
February 4, 2020

No. 343478
Wayne Circuit Court
LC No. 15-007343-NF

Before: BECKERING, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Intervening plaintiff, Tiffany Wirick, appeals as of right from an order denying her motion for reconsideration of her (second) motion to reinstate her case in the trial court after it had been

administratively closed by the court without notice. Wirick argues that the trial court abused its discretion in denying her motion for reinstatement. We reverse and remand.

## I. STATEMENT OF FACTS

In January 2015, Wirick was walking down a road in Dearborn, Michigan, when an automobile insured by defendant/cross-defendant,[1] Farmers Insurance Exchange, struck and injured her. Plaintiff, Oakwood Healthcare, Inc, treated Wirick's injuries. In June 2015, plaintiff filed a complaint against defendant alleging breach of contract in violation of the no-fault act, MCL 500.3101 *et seq.*, and amended the complaint the following month to add defendant/cross-plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), as a codefendant.[2] After the court granted Wirick's motion to intervene, she filed an intervening complaint claiming that defendant and State Farm were liable to her for all no-fault benefits arising out of the incident, but they had refused or neglected to pay. State Farm eventually filed a cross-complaint against defendant, alleging that defendant was first in priority for payment of Wirick's no-fault benefits pursuant to MCL 500.3115 and that failure to assume its responsibilities for Wirick's past and future benefits breached the no-fault act. By stipulation of the parties, the court dismissed plaintiff from the case with prejudice.

Defendant filed motions for summary disposition of State Farm's claims and of Wirick's claims pursuant to MCR 2.116(C)(10), and State Farm filed a motion for summary disposition of defendant's claims pursuant to MCR 2.116(I)(2). After a hearing on the motions, the trial court entered an order granting State Farm's motion for summary disposition, denying defendant's motions for summary disposition, ordering defendant to reimburse State Farm for all no-fault benefits it paid on behalf of Wirick and to provide no-fault benefits for Wirick, and dismissing State Farm from the suit. The trial court denied defendant's motion for reconsideration. Upon defendant's motion, the court later entered an order staying execution of the judgment for State Farm to allow defendant an opportunity to consider filing an appeal in this Court. When defendant did not timely proceed with the appellate process, State Farm filed a motion to lift the stay and execute the judgment. Subsequently, defendant and State Farm signed a stipulated order reducing to a judgment the court's prior order entitling State Farm to reimbursement for no-fault benefits paid to or on behalf of Wirick. On November 28, 2016, State Farm filed an acknowledgment that defendant had satisfied the judgment in full. At this point, only defendant and Wirick were left as parties in the lawsuit.

---

[1] For ease of reference, we refer to Farmers Insurance Exchange as "defendant" throughout the remainder of this opinion, because defendant/cross-plaintiff State Farm Mutual Automobile Insurance Company is no longer a party to this case.

[2] State Farm was the insurer assigned to the claim under the Michigan Assigned Claims Plan (MACP).

On December 13, 2016, the lawsuit was administratively closed.[3] Wirick filed a motion to reinstate in February 2017. She alleged that she did not receive a notice of the trial court's intent to close the case. She claimed that, after defendant satisfied the judgment in favor of State Farm, she and defendant had continued discovery and awaited the date for a settlement conference. Wirick asked the trial court to reinstate the case pursuant to MCR 2.502(C). The trial court held a hearing on the motion to reinstate. Because only Wirick's counsel was present, the trial court took the motion under advisement and scheduled a special conference where attorneys for both parties could discuss how to move forward. A special conference was held in the court's chambers on March 2, 2017, with both parties' counsel in attendance; no transcript of the conference was created. Subsequently, a trial date was set for July 10, 2017.[4]

In June 2017, defendant filed an emergency motion to adjourn the trial for a short period in order to address fallout from *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), issued the prior month. At the hearing on defendant's motion, the trial court discovered that Wirick's case had not, in fact, been reinstated, even though he had given the parties a trial date. The court clerk indicated that there was no order of reinstatement filed. The court denied defendant's motion to adjourn the trial as "moot," concluding, "there's no trial because there's no case," stating that the case "doesn't exist."

In July, 2017, Wirick filed a second motion to reinstate, to which defendant filed a concurrence. At the hearing on the motion, the trial court appeared to believe that there had been a couple of trial dates in the matter and wanted to know why the trial dates did not "go."[5] Wirick's counsel explained that it was because the case was never actually reinstated in the system. The trial court denied the motion, stating "it's too late," and instructed Wirick's attorney to submit a corresponding order.

Wirick filed a motion for reconsideration. In addition to including the facts from her first motion for reinstatement, Wirick recounted the March 2, 2017 special conference held in the trial court's chambers at which the court stated the case was reinstated, a July 10, 2017 trial date was set, and the parties were instructed to engage in facilitation. Wirick indicated that the parties had continued to engage in discovery and attempted to facilitate a resolution. As for the court's reason for not granting her second motion to reinstate the case, she reminded the court that at the June 20, 2017 emergency motion to adjourn trial, the court denied the motion because the case had not been reinstated, and thus, there was no trial date to adjourn. The trial court denied Wirick's motion without explanation. This appeal followed.

## II. DISCUSSION

Wirick argues that the trial court abused its discretion by dismissing her case, and that nothing in the record warrants the harsh sanction of dismissal. Although Wirick's claim of error

---

[3] No order of dismissal appears in the lower court electronic record, although it is itemized in the Register of Actions as "Case-Admin Closure- Lack of Order Entry, Signed and Filed."

[4] Both the special conference and the scheduled trial date appear on the Register of Actions.

[5] According to the Register of Actions, July 10, 2017 was the only trial date scheduled.

is better phrased as a refusal to reinstate, we agree. This Court reviews for an abuse of discretion a trial court's decision concerning a motion to reinstate an action. *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015) (quotation marks and citation omitted).

A trial court may, on its own initiative, dismiss a case for lack of progress when "no steps or proceedings appear to have been taken within 91 days" and the parties do not show "that progress is being made or that the lack of progress is not attributable to the party seeking affirmative relief." MCR 2.502(A). When notice is required, attorneys and parties must be given 28 days' notice of the impending dismissal. MCR 2.502(B); MCR 2.501(C). On a showing of good cause, and on terms it deems just, a court may reinstate an action dismissed for lack of progress. MCR 2.502(C). "On reinstating an action, the court shall enter orders to facilitate the prompt and just disposition of the action." *Id*. Among the factors a court may consider when determining whether good cause exists to reinstate an action are the following:

> (1) procedural or technical error in dismissing the case for lack of progress, (2) the movant's actual diligence before dismissal, (3) justification for the movant's failure to make progress before dismissal, (4) the movant's diligence in attempting to settle the case or a prompt motion to reinstate it following dismissal, and (5) potential prejudice to the nonmovant if the action is reinstated. [*Wickings*, 244 Mich App at 142.]

"MCR 2.502 does not prescribe a time limit for moving to reinstate an action." *Id*. at 139.

Our review of the record convinces us that the trial court abused its discretion when it denied Wirick's (second) motion for reinstatement. Wirick established good cause in her initial motion for reinstatement of the case. Failure to notify the parties of the possibility of dismissal constitutes a technical defect in the dismissal, and establishes sufficient grounds to reinstate. See *Vicencio v Ramirez*, 211 Mich App 501, 504; 536 NW2d 280 (1995) ("It is improper to dismiss a case where the required notice was not given."). In addition, Wirick provided adequate justification for any perceived failure to progress prior to the dismissal: Wirick explained that she and defendant had not engaged with the trial court in the months following their case evaluation because they were still pursuing discovery and awaiting the trial court's scheduling of a settlement conference. While the trial court had been reviewing State Farm's and defendant's motions for summary disposition, State Farm continued to pay Wirick's claims. Once State Farm was dismissed from the case, Wirick and defendant began engaging in independent medical examinations as part of the ongoing discovery process. Moreover, Wirick diligently filed a motion to reinstate, less than two months after the case was dismissed. Defendant did not present any evidence that it was prejudiced by any alleged delay on the part of Wirick.

Both the court and the parties appear to have understood that the case was reinstated as a consequence of the March 2017 conference in the court's chambers. This is demonstrated by the scheduling of a July 10, 2017 trial date, the parties' continued engagement in discovery, and by the surprise of the court and the parties at the June 2017 hearing upon discovering that an order for reinstatement had not been entered. The court stated on the record, "I gave the trial date and an

order." Although the court clerk remarked on the record that "[t]hey didn't ever file[] the order," which appears to implicate Wirick, Wirick's counsel states in her brief to this Court with respect to the March 2017 special conference, "the court reinstated the case. The Judge walked to the court clerk and asked him to reinstate the case and issue a trial date." Because there is no record of the March conference in chambers, and given the peculiarities of this case, it is not clear what arrangements the parties understood to have been made and what filing responsibilities were left to them.

The trial court seemed to justify its denial of Wirick's (second) motion to reinstate based on the failure of anyone to show up for the scheduled trial date and the court's opinion that it was "too late" to grant the motion.[6] We conclude that it is an abuse of discretion to find fault with a party for not attending a scheduled trial date when the court itself, only a month earlier and on the record, expressly indicated that there was no trial date to adjourn because there was no case. The court's statement that it was "too late" to grant the motion for reinstatement arguably reflects the court's previously expressed concern that the case was dragging on for too long. We have acknowledged in the past that a trial court has the inherent authority to control its own docket. See *Baynesan v Wayne State Univ*, 316 Mich App 643, 651;894 NW2d 102 (2016). However, the underlying purpose of a dismissal for failure to progress is not to close lengthy cases, but rather to dismiss lawsuits that are not actively pursued with due diligence. See *Robinson v Washtenaw Circuit* Judge, 242 Mich 548, 550; 219 NW 661 (1928); *Heaney v Verson Allsteel Press Co, Inc*, 64 Mich App 597, 600; 236 NW2d 155 (1975). In addition, we have already indicated that MCR 2.502 does not set time limits for moving to reinstate an action. *Wickings*, 244 Mich App at 139.

"Dismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506. This is not a case involving the accumulation of "dead wood" in the circuit court. *Robinson*, 242 Mich at 550. The record shows that Wirick and her attorney actively engaged in pursuit of Wirick's claims, that she cooperated with defendant, and that she did not have a history of violating the court's orders. The record shows that Wirick had diligently pursued reinstatement of the case after its initial dismissal, and again after she learned that it had not been reinstated as the parties thought. The trial court did not offer adequate justification for failing to reinstate the lawsuit upon Wirick's second motion to reinstate. Given this record, the purpose of MCR 2.502 is not furthered by refusing to reinstate Wirick's case. Accordingly, we reverse the court's order denying Wirick's second motion to reinstate the case and remand the matter to the trial court for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens

---

[6] Although the trial court did not mention at the hearing a failure by Wirick to file a proposed order of reinstatement, it is not clear in this instance how, or whether, the conference in chambers affected any expectation to this effect.