ABE STEIN CO. *v.* WOOD.

DISMISSAL AND NONSUIT — INVOLUNTARY NONSUIT — GROUNDS — FAILURE TO BRING CAUSE TO TRIAL.

Since the adoption of Circuit Court Rule 54, effective June 15, 1858 (Rule 13, Rules of 1897), authorizing the defendant to notice a cause for trial, the reason for dismissing a cause, on motion of the defendant, for want of notice, no longer exists, and some neglect to bring the cause to trial other than mere failure to notice it should be shown before a nonsuit should be ordered under section 10252, 3 Comp. Laws.

Error to Schoolcraft; Steere, J. Submitted October 15, 1907. (Docket No. 69.) Decided March 31, 1908.

Assumpsit by the Abe Stein Company against James C. Wood for goods sold and delivered. There was judgment of nonsuit, and plaintiff brings error. Reversed.

*C. W. Dunton,* for appellant.

*M. J. Sherwood,* for appellee.

HOOKER, J. This action of assumpsit was commenced in the circuit court for Schoolcraft county on June 22, 1905. After issue was joined the plaintiff noticed it for trial at the September term of that year, when it was continued by consent of counsel. Four terms afterwards passed without notice of trial by either party. It was dismissed in April, 1907, on motion made under and in accordance with the provisions of 3 Comp. Laws, § 10252, judgment of nonsuit being entered. It is before us on error at the instance of the plaintiff. Section 10252 provides:

"When an issue of fact shall be joined in any cause, and the plaintiff shall neglect to bring such issue to trial, according to the course and practice of the court, such court, on the application of the defendant, may give the

like judgment for the defendant as in cases of nonsuit, or may, upon just terms, allow a further time for the trial of such issue."

Counsel for plaintiff contends that this statute has no application to such a case as this. This statute first came into the law of Michigan in 1846, when it became a part of the revised statutes of that year. See chapter 103, § 67. Another statute affecting this case was also introduced then, being section 6 of same chapter. It reads as follows:

"SECTION 6. A note of the issue joined in any cause in a circuit court, shall be served on the clerk of such court, at least four days before the opening of such court."

It is observable that both of these sections are found in the revised statutes of New York, published in 1836, being respectively 2 Rev. St. N. Y. p. 343, § 81, and p. 331, § 7. Chapter 103 was evidently patterned after Rev. St. of N. Y. pt. III, chap. vii, the sections quoted being the same in each.

In 1846, notices of trial in New York were served by the plaintiff only, no evidence being found justifying an inference that defendants might notice a cause, and apparently it was plaintiff's duty to embrace the first opportunity of going to trial. 1 Burrill's Practice, p. 212, and cases cited, and p. 420. Graham's Practice, p. 263, where it is said that "the plaintiff is the only person authorized to notice the cause for trial, except in replevin, in which either party may do so."

At the time of the introduction here of the two sections quoted, we find nothing to indicate any practice of noticing for trial by the defendant, and it was apparently introduced here by Rule 54, given effect June 15, 1858 (Cir. Ct. Rule 13, Rules of 1897). At least it was then that the rules expressly so provided. See Rule 95, Rules of 1877. See Circuit Court Rules published 2 Mich., in force in April, 1853. It is fair to state that there were two rules, one given effect in 1843, and one in 1847, which pos-

sibly imply the recognition of a practice for either party to notice a cause. See Rules of 1843, Rule 81, and Rules of 1847, Rule 69. The latter is unimportant so far as the question under discussion is concerned; the former may be thought to be so, as it was prior to the revision of 1846.

When we adopted these statutes from New York, unless they were inconsistent with our practice, we took them with the construction that had been given them there, which, succinctly stated, was that only the plaintiff was to notice cases, and that he must notice for the earliest term practicable, or take the risk of a nonsuit on motion, which was the only relief open to defendant; and, on the other hand, the defendant must act promptly after default or waive it. See 1 Burrill's Practice, p. 420. In *Chapman* v. *Van Alstyne*, 6 Wend. (N. Y.) 517, a defendant who suffered four terms to elapse after a notice, was held to have waived the default. It is a significant fact that our attention has not been called to a case when a plaintiff has suffered nonsuit for want of notice of trial under the provisions of section 10252. After the rule permitting defendants to notice was adopted, as it was in 1858, it was unnecessary to move for nonsuit to get a case to trial speedily, and the same was practically true, if such a practice obtained, although there were no rules authorizing notice by the defendant. That such was early the view taken at circuit is indicated by the language of the late Judge Green, one of the judges of that day, in his work on Practice, published in 1860, where he says of section 10252:

"Since the enactment of this statute, the supreme court has provided by rule that either party may give notice of trial; and that any party who shall have noticed a cause for trial, and not countermanded such notice, may be compelled to proceed to the trial thereof, at the term for which the same was noticed, unless the same is continued on cause shown, and a compliance with such terms as the court may impose. Rule 54.

"In general, therefore, if the defendant desires a trial, he may give the notice, and thus compel the plaintiff to

bring on the issue to be tried, unless he has good cause for a continuance, or to be nonsuited upon his default; and if the defendant omit to notice the cause for trial, he is deemed tacitly to assent to the delay." 1 Green's New Practice (2d Ed.), p. 499.

This court has not looked with favor on efforts to avoid a trial of the merits by motions to dismiss. See *Fowler* v. *Pixley*, 25 Mich. 513; *Willis* v. *Gimbert*, 27 Mich. 91. In this case it was said:

" As both parties have equal rights to notice the case for trial, and equal and the same means for expediting the proceedings, no very obvious reason exists for giving the circuit court a general authority to dismiss at discretion, and we do not think such authority has been conferred."

See, also, *Detroit, etc., R. Co.* v. *Eaton Circuit Judge*, 128 Mich. 495. In *Leland* v. *Township of Blair*, 97 Mich. 612, we refused to punish laches by dismissal, on the ground that the appellee had never taken advantage of his right to notice the cause for hearing. *Hill* v. *Webber*, 50 Mich. 142, was a motion filed under another statute and this was denied on technical grounds, indicating the same reluctance to grant motions to dismiss for want of prosecution, that has been mentioned. See, also, 2 Shinn's Pl. & Prac. § 943 *a*; *McCarthy* v. *Hancock*, 6 How. Pr. (N. Y.) 28.

The rules of 1843 and 1847, already referred to, are as follows :

"The party intending to move for the trial of a cause at any term of a circuit court, shall serve on the opposite party a notice of trial at least fourteen days previous to the first day of such term, and unless such notice is given and a brief note thereof handed to the clerk of such court eight days before the first day of term, such cause shall not be placed on the docket for trial without the consent of the opposite party.

" If the party receiving such notice of trial shall serve a notice on the opposite party that he will move at such term for a continuance of the cause, together with a copy of the affidavits upon which he intends to found such mo-

tion, he shall not be liable to such party for any costs of preparing to try such cause accruing after the service of such notice and affidavits in case such continuance is granted on the papers so served."

It may be thought that they shake the argument that the statute relied on should not be enforced, for the reason that it may be said that such statute was adopted at a time when the defendant might have noticed the case himself as he does now.   To this we say that the early practice in New York, and at the common law, did not recognize such right and we are said to have followed the New York practice here prior to 1846, as we evidently did afterwards, that these rules contained no express provision regarding the right of the defendant to notice the case, and the adoption of the rule in 1858 justifies the inference that the judges adopting them thought either that they did not confer such right or that it was in such doubt as to require a rule setting the matter at rest.

We are therefore of the opinion that since the adoption of Rule 54, the reason for dismissing a cause for want of notice, under section 10252, no longer exists, and that some neglect to bring said cause to trial, other than a mere failure to notice the cause, should be shown before a nonsuit should be ordered.

The judgment of nonsuit is reversed, and the cause remanded for further proceedings.

OSTRANDER, MOORE, CARPENTER, and McALVAY, JJ., concurred.