BURTON *v.* SNOW.

EQUITY—DISMISSAL OF BILL—WANT OF PROSECUTION—INJUNCTION.
    Abuse of discretion in dismissing a bill of complaint at the time set for hearing the cause is not made out in a suit that had been pending upwards of two years, and had been adjourned from time to time at the instance of complainant's counsel, and finally set down for hearing on the understanding that no further adjournment should be granted, where one of complainant's counsel withdrew from the cause two days before the hearing, and the remaining counsel advised complainant that he would be otherwise engaged and that an opportunity for preparation would be granted by the court, com-

plainant employing another solicitor, but no evidence of prep-
aration appearing, and where the order of dismissal was
without prejudice to complainant's right to file a second bill,
and the effect of such dismissal was to terminate an injunc-
tion restraining the sale of corporate stock in defendant's pos-
session.

Appeal from Wayne; Hosmer, J.    Submitted Febru-
ary 9, 1911.  (Docket No. 150.)   Decided May 8, 1911.

Bill by William J. Burton against Robert F. Snow,
personally and as administrator of the estate of Frederick
F. Snow, deceased, and the W. J. Burton Company, to
enjoin the sale of corporate stock, and determine its own-
ership.   From a decree dismissing the bill of complaint,
complainant appeals.   Affirmed.

*John E. Moloney* and *Frank W. Atkinson,* for com-
plainant.

*Charles S. Hampton,* for defendants.

In December, 1907, complainant filed his bill in the
Wayne circuit court, in chancery, against Robert F. Snow,
Robert F. Snow, administrator of the estate of Frederick F.
Snow, and the W. J. Burton Company, a corporation, in
which he prayed that the defendant corporation be re-
strained from paying a judgment rendered against it at the
suit of Robert F. Snow, as administrator of the estate of
Frederick F. Snow, on the 2d day of November, 1907, and
that a certificate of stock issued by the said W. J. Burton
Company to Frederick F. Snow be decreed to be the prop-
erty of the complainant and be ordered assigned and con-
veyed to complainant.   The bill was answered by Robert F.
Snow and Robert F. Snow, administrator, April 22, 1908.
No further pleadings having been filed, the answering de-
fendant moved the court to dissolve the injunction; the mo-
tion being noticed for hearing on June 11, 1908.   This mo-
tion appears to have been denied, and another motion to dis-
solve the injunction was made and noticed for hearing

July 12, 1909; one ground of the motion being that no bond was given by the complainant, nor any sum of money deposited before the injunction was secured. It seems to be conceded by counsel, although the record does not disclose the fact, that a bond was filed after the second motion to dissolve the injunction was made, and that the motion was denied. On the 16th of April, 1910, a decree was entered in the cause dismissing the bill of complaint for want of prosecution, with the provision that:

"This decree shall be without prejudice to the said complainant as to a new bill of complaint filed at any time within 60 days from this date for the purpose of ascertaining and determining the ownership of the stock certificate of $1,000 in said W. J. Burton Company, which was one of the purposes of the bill of complaint in this cause."

The following recital appears in the decree:

"The hearing of said cause having been adjourned from time to time at the request of said complainant, and having been adjourned from April 9, 1910, to April 16, 1910, upon the distinct understanding that no further adjournment would be granted, * * * it appearing to the court that said cause was begun over two years ago, and that for more than two years said defendant, Robt. F. Snow, administrator, has been enjoined and restrained from collecting a judgment obtained by him against W. J. Burton Company, one of the defendants in this cause, which said defendant has entered no appearance in this cause, and the complainant not being in court, and his said counsel declining to proceed with the hearing of said cause, and the court being fully advised in the premises."

The complainant petitioned the court to set aside and vacate the decree and grant a rehearing, setting up, among other matters, that he intrusted his interests in said cause to his solicitors and relied on them to bring the cause to a hearing at a proper time, and to give him sufficient time in which to produce his proof; that he was not informed by Washington I. Robinson, one of his solicitors, that he would not try said cause for him on the 16th of April, 1910, until it was too late to employ other counsel; that

he was informed by his other solicitor, Edwin C. Bolton, on the 14th of April, 1910, that on account of said Robinson withdrawing from the cause, and the fact that said Bolton was not familiar with the cause and would be otherwise engaged on April 16th, the court would grant an adjournment sufficient to enable complainant to employ counsel to take the place of said Robinson; that he relied on said Bolton to get said adjournment for him, and has now employed counsel and is willing and ready to go to a hearing on the merits at any time. Accompanying this petition is the affidavit of complainant, which contains, among other things, the following:

"That the said Washington I. Robinson had principal charge of the said cause, and he expected the said Robinson to try said cause when it came on for hearing. That on the 14th day of April, 1910, he was informed by his solicitor, Edwin C. Bolton, that the said Robinson had withdrawn from the case, but that it would be adjourned long enough for him to employ counsel to take the place of the said Robinson. That he relied upon the statement of said Bolton and did not appear in court on the said 16th day of April, 1910."

There is also the affidavit of Mr. Bolton to the effect that Mr. Robinson had principal charge of the cause, and that deponent was not expected to try it; that he was informed by Robinson on the 12th of April, 1910, that he (Robinson) would not try the cause on the 16th of April; that on the 14th of April he had informed complainant of this fact, and that he (deponent) would not be able to try it on the 16th of April, because he would be otherwise engaged, and because he had relied on said Robinson to try the cause; that he informed complainant that, under the circumstances, the court would undoubtedly grant an adjournment to enable him to retain counsel, or for deponent to prepare for the hearing of the cause. There is also annexed to the petition certain testimony of witnesses which we assume was given in the circuit court upon the trial of the law case. A counter showing was made. This showing, in part, is that, by explicit agreement between

the solicitor for defendants and one of the solicitors for complainant, the hearing was set down for April 9, 1910, of which date complainant and Robinson, his solicitor, were notified by letter by the solicitor for defendants; that on April 9, 1910, a further adjournment was requested by solicitors for complainant, and the hearing was set down, by the court, for April 16th.  On the 22d of July, 1910, the petition was denied, with costs, and from the order denying it this appeal is taken.

OSTRANDER, C. J. ( *after stating the facts* ). Whether there was an abuse of judicial discretion is the only question presented.  Such an abuse must be made out by the one who asserts it.  The history of the litigation, its purpose and effect, are to be considered, as well as the particular facts attending the refusal of the court to grant a further continuance.  The effect of the action of the court upon the party complaining is also to be considered.  The effect in this case was to relieve defendant Snow, administrator, from an injunction restraining him from collecting from the W. J. Burton Company a dividend upon certain stock, for which dividend a judgment was recovered in November, 1907.  To determine who owns the stock, complainant was given leave to file a new bill.

The refusal of a further continuance was warranted because there was no evidence of preparation or of purpose to bring the cause to a hearing.  The pleadings indicate that the matters involved are not complicated.  The cause had been pending for two years, had been repeatedly adjourned by complainant, and had been set down for a day certain "with the distinct understanding that no further adjournment would be granted."  That one of the solicitors for complainant had withdrawn from the case was known to the other solicitor on April 12th.  No effort was made thereafter to prepare for the hearing, and the court may well have found that failure to make the effort was not excused by the general statement that it was then too late to employ other counsel or for the so-

licitor of record to prepare for hearing.    Complainant was informed on April 14th that Mr. Robinson had withdrawn from the case.    He does not say that he did not know it at an earlier day, or that he is not, directly or indirectly, responsible for such withdrawal.

We find no abuse of discretion made out, and therefore affirm the order appealed from, with costs to defendant Snow.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.