SAYRE *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO.

1. DISMISSAL AND NONSUIT—FAILURE TO PROSECUTE—JUDICATURE ACT.

Sections 10252, 10253, 3 Comp. Laws, under which judgment for a defendant, as in case of nonsuit, might be rendered in case of neglect of a plaintiff to bring an issue of fact to trial, were repealed by sections 2 and 3 of chapter 18 of the judicature act (3 Comp. Laws 1915, §§ 12574, 12575), the former of which two sections provides that causes in which no action has been taken nor progress made for more than a year shall be placed on the calendar and shall be dismissed for want of prosecution, but without prejudice, unless cause be shown to the contrary, and the latter; that if further time for the trial of the

issue is allowed by the court and the plaintiff shall neglect
to try the same within the time so allowed the court
shall dismiss the action as above provided.

2. SAME—PRACTICE—PLEA IN ABATEMENT.
   Where a cause of action had stood untried for 20 years at
   the time a motion to dismiss was made and the cause
   had been revived in the name of the personal representa-
   tive of the deceased plaintiff and the motion is made
   after the passage of the judicature act such act prevails
   as to the practice, and a plea of abatement under the old
   practice cannot be made.

3. COURTS—DISCRETION OF COURT—LACHES.
   A court may deny a continuance or other discretionary
   relief sought by a plaintiff guilty of laches.

4. SAME—EQUITY—ABATEMENT AND REVIVAL.
   A court of equity may refuse to revive and continue an
   action interrupted or abated by the death of a party
   after delays and laches which have placed the defendant
   at disadvantage.

5. SAME—EQUITY—STALE DEMANDS.
   The refusal of courts to enforce stale demands is not nec-
   essarily dependent upon a statutory limitation.

6. SAME—CONTINUANCES—VALIDITY.
   Continuances to show cause why an action should not be
   dismissed, under section 2, chap. 18 of the judicature
   act (3 Comp. Laws 1915, § 12574), for want of prosecution,
   granted by a judge who, before ascending the bench, was
   plaintiff's attorney, are void.

7. DISMISSAL AND NONSUIT—LACHES.
   Dismissal on the ground of laches, of a cause, revived
   after a lapse of nearly 20 years and after the death of
   the original plaintiff and the discharge of his adminis-
   trator, held, to have been without authority, and unjusti-
   fied, even if authority existed.

Error to Shiawassee; Searl, J., presiding. Submit-
ted October 12, 1917. (Docket No. 97.) Decided De-
cember 27, 1917.

Case by Charles H. Sayre against the Detroit, Grand
Haven & Milwaukee Railway Company for the neg-

ligent burning of plaintiff's buildings. On the death of plaintiff the cause was revived in the name of Frank J. Sayre, administrator *de bonis non.* Judgment dismissing suit for failure to prosecute. Plaintiff brings error. Reversed.

*Leon F. Miner,* for appellant.

*Harrison Geer* (*A. E. Richards,* of counsel), for appellee.

Claiming that some of his property had been destroyed by a fire set by the defendant, Charles H. Sayre, December 11, 1895, commenced a suit against the defendant to recover his alleged damages, filing a declaration in a plea of trespass on the case. To this declaration the defendant, in March, 1896, by E. W. Meddaugh, its attorney, filed a plea of the general issue. The plaintiff in that suit died August 5, 1902, intestate, leaving surviving him a widow and four children. Proceedings were had in the probate court for the county of Shiawassee for the administration of the estate, the result being that on the 26th of February, 1906, the final account of the administrator, showing payment of all claims, was allowed and approved by the probate court, and the administrator was discharged. The papers and files in the probate proceedings are not before us, but it is stated in the brief of appellant that the claim of the deceased against the defendant was not inventoried, nor was any notice taken of it in the proceedings to administer the estate. The heirs of the deceased, on the 14th of July, 1905, assigned to the widow, Judith C. Sayre—

"to have and to hold for and during the period of her natural life, to do with as she sees fit, all the right, title, and interest that we or any of us have in any money, property, or effects which might or otherwise would come to us or any of us by reason of our right

to share in the property or estate of our father, Charles H. Sayre, deceased."

On the 4th of April, 1906, the widow executed and delivered to the administrator a paper writing, containing the following:

"This is to certify that Elford Sherman, administrator of the above-named estate, has turned over to me all property, money, and effects, belonging to the said estate, and I hereby acknowledge receipt in full to him for the same; the interest of all the heirs having been previously assigned to me."

Mr. E. W. Meddaugh, the attorney of record for the defendant in said suit, died. Selden S. Miner, the attorney for the plaintiff, became circuit judge of the circuit in which Shiawassee county is on January 1, 1906. From the calendar entries in said suit it appears that January 30, 1897, a demand "for bill of items" was filed. No further proceedings appear to have been taken in said cause until in the year 1916, when, pursuant to section 2, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12574), at the January, 1916, term of the circuit court for the county of Shiawassee, the above cause was placed upon the calendar as one in which no progress had been made for the period of one year. When the cause was called, an order was entered giving plaintiff until the end of the next term in which to prosecute the same, and July 17, 1916, the time was extended until the first day of the then next succeeding term. These orders are not found in the record, but reference is made to them in the briefs, and it appears to be conceded that they were made, and that when made and entered Judge Miner was the presiding judge.

A petition was filed in the probate court for Shiawassee county on April 25, 1916, asking for the appointment of an administrator *de bonis non* of the

estate of Charles H. Sayre, deceased. At the hearing upon this petition defendant was represented, and upon July 25, 1916, an order was made appointing an administrator *de bonis non.* From this order the defendant appealed to the circuit court. The appeal came on to be heard before Judge Dodds, and an order was made affirming the order of the probate court appointing the administrator. No appeal has been taken from the adjudication of the circuit court. An order was granted by Judge Searl reviving the cause in the name of the administrator *de bonis non;* the date of the order being November 25, 1916.

Defendant moved to dismiss the case, the motion was heard December 27, 1916, and on February 2, 1917, Judge Searl, who heard the motion, made and filed an opinion reading:

"Defendant objects to revival of this cause on the ground that many years have elapsed since it was commenced, and makes a showing under oath which is not contradicted that its books have been accidentally burned, and many of its witnesses either deceased or otherwise out of reach of subpœna. In my judgment defendant's position is correct, and is supported by the authorities cited. An order may be entered in accordance with this opinion."

On February 23, 1917, an order was entered dismissing the case, reciting that the court is of the opinion that during the long time said cause has been pending the books and records of said defendant have been accidentally destroyed by fire, some of its witnesses have died, and others are beyond the process of this court, and that said plaintiff has been and is guilty of such laches as legally preclude the further prosecution of the case.

The plaintiff excepted to the action of the court dismissing the cause, sued out a writ of error, and assigns as error that the court erred in dismissing the cause.

The motion to dismiss, based upon all the records and files in the cause, and upon an affidavit, includes a motion to set aside the order made in February, 1916, giving plaintiff until the first day of the next regular term to prosecute its cause, and to set aside an order made on the 17th of July, 1916, giving the plaintiff until the first day of the next regular term to prosecute the cause, for the reason that Hon. Selden S. Miner was presiding as circuit judge in said court, and made each of said orders, and that he was attorney of record for the plaintiff in said cause and disqualified from making said orders, and for the further reason that the orders were made and entered at the instance of Leon F. Miner, an attorney of said court and the son of the said Selden S. Miner, and each were made upon an *ex parte* showing, without notice to defendant's attorney. Further reasons for dismissing said cause are that the estate of Charles H. Sayre is settled and distributed, and there is no unadministered estate, and that an administrator *de bonis non* should not have been appointed; that the right of action involved was property belonging to the estate and with the other property was assigned to the widow, who became the legal owner thereof, alone capable of invoking necessary legal remedies, since, under chapter 12, § 2, of the judicature act (3 Comp. Laws 1915, § 12353), suits must now be prosecuted by the actual parties in interest; that more than ten years have elapsed since the administrator was discharged, during all of which time the legal title to the chose in action has been vested in the assignee, Judith C. Sayre; that the estate, the administrator, the heirs, and the widow abandoned the suit; that there has been laches on the part of the owners of the demand.

OSTRANDER, J. (*after stating the facts*). The "state-

ment of facts" in appellant's brief, with a single and unimportant exception, refers to no page of the record. The printed record does not show when pleadings and papers were filed. The effect of this disregard of two of the rules of this court and the general state of the record have much increased the labors of the court.

The order dismissing the suit is in form absolute, and, if allowed to stand, disposes of the cause. Counsel for defendant, appellee, does not point out the statute or rule of practice pursuant to which it made its motion to dismiss or any authority which sustains the action of the court. The motion raises no question heretofore raised by plea or demurrer. See section 4, chap. 14, judicature act (3 Comp. Laws 1915, § 12456); *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166 (163 N. W. 1000). When the motion was made, the issue had stood untried for 20 years. The cause had been revived in the name of the personal representative of the deceased plaintiff. The jurisdiction of the court must be admitted, the declaration is not attacked, the cause of action survived the death of plaintiff, and it is not perceived how at this time a plea in abatement could be, under the old practice, interposed.

Sections 10252, 10253, 3 Comp. Laws, under which judgment for a defendant, as in case of nonsuit, may be rendered in case of neglect of a plaintiff to bring an issue of fact to trial, are repealed by the judicature act. See, as affecting the application of these sections, *Abe Stein Co.* v. *Wood*, 151 Mich. 657 (115 N. W. 1046); *Heintzen* v. *Gault*, 174 Mich. 56 (140 N. W. 520), which hold that something more than mere failure of plaintiff to notice a cause for trial must be shown before a nonsuit can be entered.

It is evident that the legislature intended the provisions of sections 2 and 3 of chapter 18 of the judicature act (3 Comp. Laws 1915, §§ 12574, 12575) to

take the place of 3 Comp. Laws, §§ 10252, 10253. Section 2 provides that causes in which no action has been taken or progress made for more than one year, unless by reason of the business of the court the same shall not have been reached, shall be placed on the calendar as such causes by the clerk of the court, and shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom they were brought into court, unless cause be then and there shown to the contrary. The succeeding section provides that, if further time for the trial of the issue is allowed by the court, and the plaintiff shall neglect to try the same within the time so allowed, the court shall dismiss the action as above provided. Assuming the validity of these provisions, and their validity is not questioned, it is under them and any rules of practice affecting the subject treated by them that parties must now move in the aid of or against the retention in court of suits in which progress has not been made.

But defendant, appellee, is not, in form, proceeding under these provisions, and it does not invoke any general, inherent authority of the court to dismiss a cause at issue upon the motion of a defendant. Many cases may be, some are, cited in support of the proposition that a court may deny a continuance or other discretionary relief asked for by a plaintiff guilty of laches, and that a court of equity may refuse to revive and continue an action interrupted or abated by the death of a party after delays and laches which have placed the defendant at disadvantage. And the refusal of courts to enforce stale demands is not necessarily dependent upon a statutory limitation. But when the motion of defendant was made in the case at bar, it stood in form upon the records of the court at issue, ready for trial. A notice from either party would have placed it upon the trial docket. This was

the situation whether we do or do not assume that the orders made by Judge Miner were void. If they were void, and it must be agreed that they were, no qualified judge had exercised discretion to dismiss or not to dismiss under the provisions of section 2, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12574). No authority is cited in support of the proposition that the court then had any general or special power, upon the motion of defendant, a motion based in part upon an affidavit stating the alleged disadvantage in which defendant was placed, to dismiss the cause. I have considered and rejected the suggestion that the motion to dismiss and the opposition thereto may together be treated here as the equivalent of showing cause, under the act, why the action should not be dismissed. The suggestion came from the language of the opinion of Judge Searl; the recitals in the judgment entry, and the state of the record, generally, require the conclusion. Appellant is entitled to treat the judgment as a final judgment entered upon the motion of the defendant in a cause apparently at issue and ready for trial, upon the notice of either party. In my opinion, the court was without authority to render the judgment. Assuming that it had authority and that the question of judicial discretion and its abuse is before us, no default of plaintiff except failure to bring the cause on for trial is involved, for which defendant at all times had a remedy by itself bringing the cause on for trial.

Other questions raised by the motion are open upon a trial, since plaintiff must maintain the issue he tenders.

The judgment is reversed, with costs to appellant.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.