## HURT v. CAMBRIDGE

1. DISMISSAL AND NONSUIT—LACK OF PROGRESS—COURT RULES—RE-INSTATEMENT—DISCRETION.

Reinstatement of a cause after dismissal for lack of progress pursuant to court rule is a matter within the discretion of the trial judge since he must determine whether good cause has been shown why an order of reinstatement should issue (GCR 1963, 501.3).

2. DISMISSAL AND NONSUIT—NO-PROGRESS DOCKET—REMOVAL OF CASE—DISCRETION.

Denying removal of a case from a no-progress docket is within the discretion of a trial court.

3. APPEAL AND ERROR—NO-PROGRESS DOCKET—REMOVAL OF CASE.

Appellate review of a trial court order denying removal of a case from its no-progress docket is restricted to determining whether there is any justification in the record for that order.

4. APPEAL AND ERROR—TRIAL RULINGS—DISCRETION.

Appellate court interference with a trial judge's ruling is warranted only when his abuse of his discretion is so plain that an unprejudiced person can say that there was no justification or excuse for his ruling, considering the facts upon which he acted.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 90.
[5] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 55 *et seq.*
[7, 8] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 65 *et seq.*
[9–11] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 68.
[12] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 67.
[13, 14] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 88 *et seq.*

5. DISMISSAL AND NONSUIT—WANT OF PROSECUTION—NOTICE FOR TRIAL—LOCAL COURT RULES.

A plaintiff's failure to praecipe his case for trial under local court rules does not justify a dismissal of his cause for want of prosecution where a defendant clearly possesses equal rights under those same rules to notice the case for trial (Part I, Rule 3, Saginaw County Circuit Court Rules).

6. DISMISSAL AND NONSUIT—NO-PROGRESS DOCKET—REMOVAL—RE-INSTATEMENT—DISCRETION.

Refusal by a trial court to remove plaintiff's case from the no-progress docket, or its refusal to reinstate plaintiff's case after a dismissal, solely on the ground that plaintiff failed to praecipe for trial under local court rules is an abuse of discretion where defendant had an equal right to notice the case for trial under the local court rules.

7. DISMISSAL AND NONSUIT—COURT RULES—LACK OF PROGRESS—EXPLANATION.

A plaintiff's cause is not subject to dismissal under court rules, general or local, if plaintiff makes a timely motion to remove his case from the no-progress docket and explains the lack of progress to the satisfaction of the trial court (GCR 1963, 501.3; Part I, Rule 16 [Currently, Part I, Rule 6] Saginaw County Circuit Court Rules).

8. DISMISSAL AND NONSUIT—COURT RULES—LACK OF PROGRESS—EXPLANATION—SUFFICIENCY.

A sworn, undisputed explanation by plaintiff's counsel that he was unaware of a local court rule requiring a party to file a praecipe in order to obtain trial because he had formerly practiced in another county where cases were automatically advanced on the trial docket without the filing of a praecipe, was legally sufficient to justify a removal of plaintiff's case from the no-progress docket and the trial court abused its discretion in denying such removal and in dismissing plaintiff's case for want of prosecution (GCR 1963, 501.3; Part I, Rule 16 [Currently, Part I, Rule 6] Saginaw County Circuit Court Rules).

9. ATTORNEY AND CLIENT—ACTION—FAILURE TO PROSECUTE—INADVERTENT INACTION.

The neglect of an attorney is generally regarded as attributable to his client; however, inaction of counsel, explained on the ground of inadvertence, may constitute sufficient excuse for failure to prosecute a claim with diligence.

10. DISMISSAL AND NONSUIT—COURT RULES—FAILURE TO PRAECIPE—ATTORNEY AND CLIENT.

A plaintiff should not suffer the drastic sanction of dismissal of his case with prejudice because of his attorney's inadvertent failure to praecipe a case for trial when required by local court rules.

11. DISMISSAL AND NONSUIT—PROSECUTION—DUE DILIGENCE.

Dismissal of plaintiff's medical malpractice action was error where the record indicated that at the time defendant's motion to dismiss was heard the plaintiff was prosecuting her claim with desire, diligence, and interest having, in the 23 months between filing and hearing on the motion to dismiss, promptly answered defendant's interrogatories, inquired of the court when the case would be reached for trial, completed and filed a pretrial information form, attended the pre-trial conference, took the depositions of several medical witnesses, and filed an amended complaint, after the dismissal hearing, which defendant answered.

12. DISMISSAL AND NONSUIT—WITNESSES—TESTIMONY—UNAVAILABILITY—PREJUDICIAL DELAY.

Unavailability, because of death, of testimony by several physicians who had treated plaintiff before and after defendant's alleged malpractice did not justify dismissal of plaintiff's malpractice action because of prejudicial delay to defendant, since defendant himself was responsible for such delay, having allowed a 23-month interval to elapse between the filing and hearing on his motion to dismiss, during which interval those physicians' deaths had occurred.

13. DISMISSAL AND NONSUIT—MOTIONS—MOTION TO DISMISS—LACK OF PROSECUTION.

A motion to dismiss a case for lack of prosecution raises a question of law for the court and the moving party has the burden of obtaining a prompt hearing on that motion, or he will be held to have acquiesced in any delay in hearing his motion.

14. DISMISSAL AND NONSUIT — MOTIONS — MOTION TO DISMISS — PROMPT HEARING.

Defendant doctor's 23-month delay in obtaining prompt hearing on his motion to dismiss plaintiff's malpractice action for want of prosecution was not chargeable against plaintiff since defendant acquiesced in such delay by failing to obtain that hearing.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 December 2, 1969, at Grand Rapids. (Docket No. 6,985.) Decided February 6, 1970. Leave to appeal denied September 25, 1970. 384 Mich 760.

Complaint by Muriel Hurt against Vernal W. Cambridge for medical malpractice. Dismissal for lack of progress. Plaintiff appeals. Order of dismissal vacated; case remanded for further proceedings.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

J. H. GILLIS, P. J. Plaintiff, Muriel Hurt, appeals from a final order of dismissal entered by the circuit court for the county of Saginaw in favor of defendant, Vernal Cambridge, dismissing with prejudice plaintiff's suit for lack of prosecution.

On May 5, 1965, plaintiff commenced this medical malpractice action against defendant physician. Defendant's answer, together with a motion for summary judgment and to strike portions of the complaint, was filed on May 24, 1965. Two days later, plaintiff demanded trial by jury. Thereafter, no action was taken by either party and on July 14, 1966, the case appeared on the trial court's no-progress calendar for dismissal on September 12, 1966.

On August 29, 1966, plaintiff filed a motion seeking removal of the case from the no-progress calendar.[1] Accompanying this motion was an affidavit wherein plaintiff's attorney asserted that the case was ready for immediate trial. On the same date, plaintiff praeciped the case for trial.[2] Subsequently, on August 31, 1966, the trial judge, without affording defendant an opportunity to be heard,[3] signed an

[1] Plaintiff's motion was filed pursuant to Saginaw County Circuit Court Rules, Part I, Rule No 16, then in effect. (Now Saginaw County Circuit Court Rules, Part I, Rule No. 6.) The rule then in effect was as follows:

"Four weeks prior to the opening of each term of court, a list of cases to be dismissed under the statute for want of prosecution shall be provided by the clerk and shall be published in the Saginaw Press in its issue of that week and three following weeks. The cases listed in the no-progress calendar shall be dismissed by the presiding judge on the first day of the term of court unless the attorneys interested in said cases and desiring to have them removed from the 'no-progress' calendar shall take the following steps before the first day of the term.

"(a) Praecipe, file and serve a motion on opposing counsel or the opposite party if no counsel appears, praying, that the cause may be taken from the no-progress calendar, *accompanying the same with an affidavit setting forth the reasons for lack of progress.* File proof of service of the above motion with the clerk. Notice said hearing for the opening day of each term of court." (Emphasis supplied.)

And see GCR 1963, 501.3.

[2] Under the local circuit court rules then in effect, cases were not automatically placed on the trial docket. A party desiring to obtain a trial was required to file a praecipe for hearing with the assignment clerk.

"Whenever any cause either at law or in chancery shall be at issue as to all parties, any attorney desiring to obtain a trial or hearing thereof shall file a praecipe for hearing with the clerk * * * ." Saginaw County Circuit Court Rules, Part I, Rule No 3.

[3] Plaintiff had noticed the motion to remove for hearing on September 12, 1966. It is apparent from the record that defendant had not seen the proposed order before its entry, nor had defendant waived notice of entry on plaintiff's motion. A copy of the letter enclosing the proposed order was, however, sent to defendant's counsel.

For purposes of this appeal, we assume that the initial order removing the case from the no-progress docket was invalid. The order was *ex parte;* defendant was not given the opportunity to be heard. *Cf. Sayre* v. *Detroit, G. H. & M. R. Co.* (1917), 199 Mich 414. However, any error in this regard was subsequently cured. Defendant was given full opportunity to be heard upon his motion to vacate the prior order of removal. See text, *infra.*

order submitted by plaintiff removing the case from the no-progress calendar.

On September 12, 1966, defendant filed a motion to set aside the court's order removing the case from the no-progress calendar and to dismiss the case for lack of prosecution. A notice of hearing accompanied the motion, but it was not praeciped at this time. It was defendant's contention that the affidavit accompanying plaintiff's motion to remove was insufficient under the local court rule,[4] since no reasons for lack of progress were set forth in the affidavit. Plaintiff's attorney then filed a supplemental affidavit in support of the motion to remove, asserting that the lack of progress was the result of his inadvertent failure to praecipe the case for trial.

On August 15, 1968, 23 months after it was filed, defendant praeciped the motion to vacate and to dismiss for hearing and on August 19, 1968, oral arguments were presented on the motion. In a written opinion dated January 23, 1969, the trial court granted defendant's motion to set aside the prior order of removal and dismissed the action for lack of progress. This appeal followed.

On appeal, both parties suggest that the question which we must decide is whether the trial court abused its discretion in dismissing plaintiff's action for lack of prosecution. Both parties address their arguments to the situation as it existed upon plaintiff's motion to remove the case from the no-progress docket. Plaintiff contends that the failure to praecipe the case for trial is not such a want of prosecution as would justify dismissal. Defendant contends that the explanation offered by way of plaintiff's supplemental affidavit for failure to praecipe is not such an excuse as would justify removal of the case from the no-progress docket.

---

[4] See fn 1, *supra.*

We agree with the suggestion of the parties that the controlling question on this appeal is whether the trial court abused its discretion in dismissing plaintiff's action. As this case reaches us, its posture is comparable to that which exists upon a motion to reinstate a cause after dismissal for lack of progress pursuant to GCR 1963, 501.3. In the latter situation, the question of reinstatement is a matter within the discretion of the trial court. *Robinson* v. *Washtenaw Circuit Judge* (1928), 242 Mich 548; *Hoad* v. *Macomb Circuit Judge* (1941), 298 Mich 462; *Reynolds* v. *Dobbertin* (1962), 366 Mich 162; *Corley* v. *Krawczak* (1969), 16 Mich App 176. The trial judge must determine whether good cause has been shown why an order reinstating the case should issue. We think issuance of an order, such as in this case,[5] denying removal of a case from the no-progress docket is likewise within the trial court's discretion. It follows that we cannot reverse the order here challenged unless we are satisfied that the trial court abused its discretion in denying removal and dismissing plaintiff's action. Moreover, as defendant suggests, our review is restricted to determining whether there is any justification in the record for the ruling of the trial court.

" 'To warrant such interference, the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made.' " *Hoad* v. *Macomb Circuit Judge, supra,* at 468, quoting *Cooper* v. *Carr* (1910), 161 Mich 405, 412.

Defendant contends that plaintiff's failure to praecipe the case for trial justifies an order denying

---

[5] The trial court's order vacated the prior order of removal and thus related back to the situation as it existed upon plaintiff's motion to remove. We treat the order setting aside the removal as equivalent to a denial of plaintiff's motion to remove.

removal from the no-progress docket. On the record before us, we cannot agree.

At common law, the failure to prosecute a cause with due diligence exposed neglectful parties to judgments of nonsuit and *non prosequitur.* 3 Blackstone, Commentaries (1768), 295, 296. In *Abe Stein Co.* v. *Wood* (1908), 151 Mich 657, the Court construed a statutory provision[6] codifying the common-law practice. Plaintiff's action, as in this case, had been dismissed for lack of prosecution. As here, the ground relied upon as justifying dismissal was plaintiff's failure to notice the case for trial. The Court, however, noted that under rules of practice then in effect a defendant had equal rights to praecipe for trial. Since defendant had likewise failed to notice the case for trial, he was " 'deemed tacitly to assent to the delay.' " 151 Mich at 660, quoting 1 Green's New Practice (2d ed), p 499. Accord, *Joy* v. *Two-Bit Corporation* (1938), 287 Mich 244.[7] The Court concluded:

"We are therefore of the opinion that since the adoption of Rule 54 [permitting defendant to praecipe for trial], the reason for dismissing a cause for want of notice   *   *   *   no longer exists, and that *some neglect to bring said cause to trial, other than a mere failure to notice the cause, should be shown before a nonsuit should be ordered."* 151 Mich at 661. (Emphasis supplied.)

In the present case, it is clear that defendant possessed equal rights to notice the case for trial. The

---

6 "When an issue of fact shall be joined in any cause, and the plaintiff shall neglect to bring such an issue to trial, according to the course and practice of the court, such court, on the application of the defendant, may give the like judgment for the defendant as in cases of nonsuit, or may, upon just terms, allow a further time for the trial of such issue." CL 1897, § 10252.

7 "Lee [defendant] neither praeciped the principal case for trial nor sought an early hearing and, therefore, he acquiesced in the delay." 287 Mich at 251.

case was at issue,[8] and under the local rules of practice then in effect, *"any* attorney desiring to obtain a trial or hearing thereof shall fill a praecipe for hearing with the clerk   *   *   *   ."* Saginaw County Circuit Court Rules, Part I, Rule No 3.   (Emphasis supplied.)   That no proceedings were taken in this case within one year of plaintiff's demand for jury trial cannot be attributed to plaintiff alone.   Defendant himself failed to praecipe the case for trial. *Abe Stein Co.* v. *Wood, supra; Joy* v. *Two-Bit Corporation, supra.*

In *Sayre* v. *Detroit, G. H. & M. R. Co.* (1917), 199 Mich 414, the Court, by way of dictum, answered the very question now before us.   In *Sayre,* plaintiff's action had been dismissed for lack of progress. A statute then in effect provided for dismissal of actions where no action had been taken for more than one year, unless cause was shown to the contrary.[9]   As in the present case, the action appeared on the no-progress calendar as a result of plaintiff's failure to notice the case for trial.   In reversing the dismissal, the Court noted at 421, 422:

"But when the motion of defendant was made in the case at bar, it stood in form upon the records of the court at issue, ready for trial.   A notice from either party would have placed it upon the trial docket.   *   *   *   *Assuming that* [*the trial court*] *had authority and that the question of judicial discretion and its abuse is before us, no default of*

---

[8] Compare *Stone* v. *Stone* (1910), 162 Mich 319, 322.

[9] "All causes in which no action has been taken or progress made for more than one year unless by reason of the business of the court the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than one year;' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary."

CL 1915, § 12574.   Compare GCR 1963, 501.3.

*plaintiff except failure to bring the cause on for trial
is involved, for which defendant at all times had a
remedy by itself bringing the cause on for trial."*
(Emphasis supplied.)

Both *Abe Stein Co.* v. *Wood, supra,* and the *Sayre*
case appear to require the conclusion that it is an
abuse of discretion for a trial court to deny removal
of a case from the no-progress docket, or to deny
reinstatement after dismissal, solely on the ground
that plaintiff failed to praecipe for trial. We need
not, however, decide whether defendant's failure in
this case to notice for trial, standing alone, required
removal of the case from the no-progress docket.
We hold only that defendant's acquiescence in the
year's delay was one among other relevant circum-
stances to be considered upon plaintiff's motion to
remove.

In its opinion granting defendant's motion to dis-
miss for lack of prosecution, the trial court, although
the question was before it, did not expressly decide
whether plaintiff had shown sufficient justification
for removal of the case from the no-progress docket.
We find it necessary, however, to decide the question
of justification since the issue is properly before us
and, if resolved in defendant's favor, it affords
grounds for affirmance.

Both GCR 1963, 501.3, and the circuit court rules
for the county of Saginaw justified placement of
plaintiff's action on the trial court's no-progress
docket. It is undisputed that no proceedings were
taken in this case within one year of the last calen-
dar entry—plaintiff's demand for a jury trial.
However, upon plaintiff's timely motion for removal
from the no-progress docket, the case was not sub-
ject to dismissal,

"If at the call it is shown that the failure to take
steps or proceedings is not due to the plaintiff's

fault or lack of reasonable diligence on his part
\* \* \* ." GCR 1963, 501.3.

Likewise, under the rule of practice for the county
of Saginaw, the cause was not subject to dismissal
if plaintiff explained the lack of progress to the
satisfaction of the trial court. Under both rules,
what is required is some showing of good cause
why the action should not be dismissed. See generally 3 Callaghan's Michigan Pleading & Practice, §
32.55.

In his supplemental affidavit accompanying plaintiff's motion to remove, plaintiff's counsel explained
that he was unaware of the local court rule requiring a party to file a praecipe in order to secure
trial.[10] He asserted that all of his court experience
had been in Genesee county where, under local rules
of practice, cases were automatically advanced on
the trial docket without the filing of praecipes. On
appeal, the facts contained in counsel's affidavit are
not disputed. However, defendant contends that the
explanation offered is legally insufficient to justify
removal of the case from the no-progress docket.

In Michigan, the neglect of an attorney is generally regarded as attributable to his client. See
*White* v. *Sadler* (1957), 350 Mich 511, 522. Nevertheless, at times courts have held that counsel's
inaction, explained on the ground of inadvertence,
constituted sufficient excuse for failure to prosecute
a claim with diligence. See Anno: "Attorney's
Inaction as Excuse for Failure to Timely Prosecute
Action," 15 ALR3d 674.

In *Marquette Appliances, Inc.* v. *Wexler* (ED
Penn, 1960), 27 FRD 484, plaintiff's action appeared
on the court's no-progress docket as a result of
counsel's failure to notice the case for trial. The
failure was explained on grounds of inadvertence.

---

10 See fn 2, *supra.*

Plaintiff's original attorney had withdrawn and succeeding counsel was unaware that the case had never been noticed for trial. The court held the explanation sufficient and removed the case from the no-progress docket. We think the situation in the present case is comparable.

Nothing in this record suggests that counsel's failure to praecipe for trial was a deliberate omission.[11] This is not a case where the lack of progress is due to the obstinate refusal of a party to abide by the rules of court. See generally, 3 Callaghan's Michigan Pleading & Practice, § 32.53. Nor is it a case where counsel's omission is wholly unexplained. Compare *Banta* v. *Serban* (1963), 370 Mich 367.

In *Luplow* v. *Aubry Cleaners & Dyers, Inc.* (1962), 366 Mich 353, a default judgment was entered against defendant for nonappearance at pretrial. On appeal, the default was vacated. The circumstances which persuaded the Court to remand the case for trial on the merits were noted at 358:

"The cause was at issue under the pleadings, a jury had been demanded, and *the explanation of defendant's counsel as to his failure to appear at the pretrial, which apparently was not disputed, indicated that his omission to attend the pretrial was not deliberate or premeditated* but resulted from the fact that he was engaged in the trial of another case

[11] In *Meeker* v. *Rizley* (CA 10, 1963), 324 F2d 269, plaintiff's action was dismissed for his failure to appear at a court-ordered pretrial conference. Compare GCR 1963, 504.2. The court of appeals reversed, noting at 271:

"There is no indication in the record that the plaintiff had been * * * *inclined to deliberately disobey any order of the court for the purpose of delay.* Plaintiff's only infraction was his failure to appear at a hearing on pretrial * * * . While we cannot excuse the failure to be present when these matters were noticed for hearing, still, if we treat the court's action as a dismissal, such action, under the circumstances of this case, was too drastic and a clear abuse of discretion." (Emphasis supplied.)

Accord, *Castlegate, Inc.,* v. *National Tea Company* (D Colo, 1963), 34 FRD 221, 225. Compare *Link* v. *Wabash R. Co.* (1962), 370 US 626 (82 S Ct 1386, 8 L Ed 2d 734).

and overlooked the pretrial. For such omission defendant should not be penalized * * * ." (Emphasis supplied.)

In this case the same circumstances were present when plaintiff's attorney sought to remove the case from the no-progress docket. We conclude that sufficient justification for removal had been shown. Plaintiff should not have suffered the "drastic sanction," see *Banta* v. *Serban, supra,* at 369, of dismissal with prejudice because of her counsel's inadvertent failure to praecipe for trial. In this regard, we are persuaded that the policy of the law favoring disposition of litigation on the merits required removal of the case from the no-progress calendar.[12]

An additional consideration leads us to conclude that plaintiff's action should not have been dismissed for lack of progress. The record in this case indicates that at the time defendant's motion to dismiss was heard plaintiff was prosecuting her claim with diligence.[13]

On September 12, 1966, defendant filed his motion to vacate the order of removal and to dismiss for lack of progress. No praecipe for hearing on the

[12] "The trend of our jurisprudence is toward meritorious determination of issues." *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, 47. See also *Abe Stein Co.* v. *Wood, supra,* at 660; *Rudd* v. *Rogerson* (1963), 152 Colo 370 (381 P2d 995, 15 ALR3d 668); *Meeker* v. *Rizley, supra,* fn 11 at 271, 272.

[13] At the hearing on defendant's motion to dismiss, both the trial judge and the parties confined their review of the case to the situation as it existed upon plaintiff's motion to remove. On appeal, the parties likewise fail to consider the posture of the case as it existed when defendant's motion to dismiss was heard. In our view, the total history of the litigation, including prosecution after plaintiff's motion to remove, should be considered. See *Burton* v. *Snow* (1911), 165 Mich 530, 534. This is true here, since the action had been removed from the no-progress calendar and defendant failed to secure a prompt hearing on his motion to vacate the order of removal and to dismiss for lack of progress. See text, *infra.* In the interim, plaintiff prosecuted the action with diligence. Unless the entire history of the litigation is considered, an important factor is overlooked. Namely, by her subsequent diligence, plaintiff demonstrated her interest in and desire to pursue this action.

motion was filed, however, until August 15, 1968.[14]
In the interim, defendant submitted interrogatories
to plaintiff which were promptly answered. On
June 16, 1967, plaintiff's attorney inquired of the
court when the case would be reached for trial. He
was informed by the clerk that it would take another
year to reach trial. On July 5, 1968, plaintiff com-
pleted and filed with the court a pretrial informa-
tion form. Thereafter, plaintiff attended a pretrial
conference. Immediately after the hearing on de-
fendant's motion to dismiss for lack of progress,
plaintiff filed an amended complaint which was an-
swered by defendant. The record also reveals that
the depositions of several medical witnesses were
taken by plaintiff. All of these actions indicate
plaintiff's interest in and desire to prosecute her
case.

In *Robinson* v. *Washtenaw Circuit Judge, supra,*
at 550, the Court noted that the purpose of no-prog-
ress dismissals is " 'to clean up the deadwood which
accumulates in circuit courts.' " We fail to see how
the dismissal in this case served to eliminate dead-
wood from the trial court's docket. Unlike the situ-
ation in cases relied on by defendant,[15] plaintiff
moved promptly to have her case removed from the
no-progress docket, filed the requisite praecipe, and
thereafter prosecuted the case with diligence.

Defendant contends that we should affirm on the
ground that he has been prejudiced by the long
delay in this case. The trial judge found as a fact
that several physicians who had treated plaintiff

---

[14] By court rule, the filing of a praecipe for all motions was re-
quired. Saginaw County Circuit Court Rules, Part I, Rule No 12.

[15] In *Burton* v. *Snow, supra,* at 534, there was "no evidence of
preparation or of purpose to bring the cause to a hearing." In *Rob-
inson* v. *Washtenaw Circuit Judge, supra,* at 551, "no attention what-
ever was given to the plaintiff's case from March 1, 1926, when
it was dismissed, until November 27, 1926, the date of filing the
motion to reinstate." See also *Reynolds,* v. *Dobbertin, supra* (eight
months elapsed before motion to reinstate filed.)

before and after the alleged malpractice had died. Apparently, the trial judge concluded that the unavailability of such testimony justified dismissal. We cannot agree.

Defendant's motion to set aside the order of removal and to dismiss for lack of prosecution was filed on September 12, 1966. The motion raised a question of law for the court and it was then defendant's burden to secure a prompt hearing on the motion. No hearing was held, however, until August 19, 1968.[16] In the interim, the deaths now relied on by defendant as justifying dismissal occurred.

We think it apparent that defendant himself was responsible for the allegedly prejudicial delay. Since defendant failed to obtain a prompt hearing on his motion to vacate the removal and to dismiss for no progress, we hold that he thereby acquiesced in the delay. *Cf. Abe Stein Co.* v. *Wood, supra,* at 660; *Joy* v. *Two-Bit Corporation, supra,* at 251. Plaintiff should not have been charged with delay occurring after defendant's motion had been filed. See 3 Callaghan's Michigan Pleading & Practice, § 32.54. Nor was dismissal justified on the ground that the defense had been prejudiced.

In summary, we are satisfied " 'upon consideration of the facts upon which the trial judge acted * * * that there was no justification or excuse for the ruling made.' " *Hoad* v. *Macomb Circuit Judge, supra,* at 468.

The order of the trial judge dismissing the action is vacated. The case stands removed from the noprogress calendar, and we remand for further proceedings. Costs to plaintiff.

All concurred.

---

[16] Defendant first filed a praecipe for hearing on the motion on August 15, 1968, approximately 23 months after the motion was filed. Such action was necessary in order for defendant to secure a hearing. See fn 14, *supra.*