HEANEY v VERSON ALLSTEEL PRESS COMPANY, INC

1. DISMISSAL AND NONSUIT—NO PROGRESS—REINSTATEMENT—DISCRETION OF COURT—APPEAL AND ERROR.

The reinstatement of a case which has been dismissed for no progress rests within the sound discretion of the trial court and that determination will not be disturbed on appeal unless an abuse of discretion is plain; appellate review is limited to ascertaining whether or not there was any justification for the lower court's determination.

2. DISMISSAL AND NONSUIT—NO PROGRESS—REINSTATEMENT—COURT RULES.

Reinstatement of a case, which had been dismissed for lack of progress after plaintiff failed to notice the case for trial, was proper where defendant had at all times a remedy to any delay by simply noticing the case for trial himself, good cause was shown for the delay, plaintiff had been vigorously pursuing his claim, and the defendant failed to show actual prejudice (Wayne County Circuit Court Rule 17.1).

3. APPEAL AND ERROR—PRESERVING ISSUE—DISCRETION OF TRIAL JUDGE.

An argument not presented to the trial judge ordinarily will not be considered on appeal, particularly where the appellant seeks review of the manner in which the judge exercised his discretion.

Appeal from Wayne, Charles S. Farmer, J. Submitted June 13, 1975, at Detroit. (Docket No. 19545.) Decided September 24, 1975.

Complaint by Thomas P. Heaney against Verson Allsteel Press Company, Inc. and Frank Bacon

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 80, 88, 89.
[3] 5 Am Jur 2d, Appeal and Error § 545.

Machinery Sales Company, Inc., for damages for injuries received in an industrial accident. Plaintiff's cause of action was dismissed for lack of progress. Plaintiff moved to reinstate the action. Motion granted. Defendant Frank Bacon Machinery Sales Company, Inc., appeals by leave granted. Affirmed.

*Seymour Beitner, P. C.* for plaintiff.

*Harvey, Kruse & Westen, P. C.* (by *Mark D. Shoup),* for Frank Bacon Machinery Sales Company, Inc.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff brought suit against defendants in Wayne County Circuit Court by filing a complaint on August 16, 1969. Defendants filed answers on October 16 and 21, 1969. On July 12, 1971, the trial judge dismissed plaintiff's cause of action for lack of progress. Specifically, dismissal was pursuant to Wayne County Circuit Court Rule 17.1, which requires the case to be noticed for trial, by filing an "at issue" praecipe, within seven months of the filing of the answer. On August 8, 1973, plaintiff moved to reinstate his dismissed action. The trial judge entered an order on December 11, 1973, granting plaintiff's motion, from which defendant Bacon appeals by leave granted.

The reinstatement of a case which has been dismissed for no progress rests within the sound discretion of the trial court. This Court will not disturb that determination unless an abuse of discretion is plain, *Reynolds v Dobbertin,* 366 Mich 162; 113 NW2d 888 (1962), *Prine v Hatfield,* 5 Mich App 57, 59; 145 NW2d 809 (1966), *Corley v*

*Krawczak,* 16 Mich App 176, 178; 167 NW2d 783 (1969). Appellate review is limited to ascertaining whether or not there was any justification for the lower court's decision, *Hurt v Cambridge,* 21 Mich App 652; 176 NW2d 450 (1970). Here, all the relevant factors pointed toward reinstatement, and we affirm the trial court's determination.

Plaintiff's cause of action was dismissed for no progress due to plaintiff's failure to notice the case for trial. Under the local court rules in effect at the time, defendants had an equal right to praecipe for trial.[1] Defendants at all times had a remedy to any delay by simply noticing the case for trial. As summarized in *Hurt v Cambridge, supra,* at 661, this factor weighs heavily in favor of reinstatement:

"Both *Abe Stein Co v Wood, supra,* [151 Mich 657; 115 NW 1046 (1908)], and the *Sayre* case [199 Mich 414; 165 NW 859 (1917)], appear to require the conclusion that it is an abuse of discretion for a trial court to deny removal of a case from the no-progress docket, or to deny reinstatement after dismissal, solely on the ground that plaintiff failed to praecipe for trial. We need not, however, decide whether defendant's failure in this case to notice for trial, standing alone, required removal of the case from the no-progress docket. We hold only that defendant's acquiescence in the year's delay was one among other relevant circumstances to be considered upon plaintiff's motion to remove."

A second important factor is the reason for

---

[1] Wayne County Circuit Court Rule 6.3 was effective March 21, 1965 and provided as follows:

"An 'AT ISSUE PRAECIPE' shall be filed by either party, with the Clerk of the Court and a copy served on the attorneys of record or parties in pro per, after the answer to the complaint has been filed."

That rule became Wayne County Circuit Court Rule 9.8 on November 1, 1970, but the substance was unchanged until a revision became effective November 7, 1973.

plaintiff's failure to notice the case for trial. Here, counsel for plaintiff indicated that his law partner died in October, 1970, causing great confusion as he had to assume over 100 active case files. The trial judge indicated in his reinstatement order that good cause for the delay had been shown, and we agree. The test which has been applied is whether the failure to praecipe was deliberate or unexplained, *Hurt v Cambridge, supra,* at 663. The case here fits neither category, and this factor also points toward ordering reinstatement.

The whole purpose of the no progress dismissals is to permit "the court upon its own initiative to clean up the deadwood which accumulates in the circuit courts", *Robinson v Washtenaw Circuit Judge,* 242 Mich 548, 550; 219 NW 661 (1928). Therefore, when a plaintiff is in fact prosecuting his or her claim with due diligence, the policy of the local court rule will not be furthered by denying reinstatement, *Hurt v Cambridge, supra,* at 664. In the present case, plaintiff indeed was vigorously pursuing his claim when the case was dismissed. Plaintiff filed interrogatories to defendants on February 2, 1970 and June 30, 1971, answers to which were filed on February 20 and April 6, 1970, and August 23, 1971. Plaintiff filed depositions of two witnesses on July 28, 1971. Thus, discovery was taking place all during the time after the complaint was filed and prior to dismissal. In addition, plaintiff filed two discovery matters *after* dismissal, lending credibility to his claim that he never received actual notice of the dismissal. It is clear that plaintiff was diligently pursuing this lawsuit at the time it was dismissed, a factor strongly in favor of reinstatement.

The final consideration is the amount of prejudice to the defendants due to the plaintiff's lack of initiative in pursuing his or her claim. The defendants must show actual prejudice which can be

charged to the plaintiff's delay, *Hurt v Cambridge, supra,* at 666. In the present case, the defendant appealing here claims that it cannot locate an important witness due to the long delays. We must reject that allegation as a showing of actual prejudice, for there is no indication that the defendants argued that point at the reinstatement hearing. An argument not presented to the trial judge will not ordinarily be considered on appeal, particularly where the appellant seeks review of the manner in which the judge exercised his discretion, *Hartman v Roberts-Walby Enterprises, Inc,* 17 Mich App 724, 732; 170 NW2d 292 (1969). This factor does not weigh against reinstatement.

In conclusion, we find that all of the relevant factors support the trial judge's decision to reinstate plaintiff's cause of action. We reach the same result as in *Hurt v Cambridge, supra,* at 664, where it was summarized:

"We conclude that sufficient justification for removal had been shown. Plaintiff should not have suffered the 'drastic sanction' * * * of dismissal with prejudice because of her counsel's inadvertent failure to praecipe for trial. In this regard, we are persuaded that the policy of the law favoring disposition of litigation on the merits required removal of the case from the no-progress calendar."

Defendant also contends on appeal that the provisions of Wayne County Circuit Court Rule 17.5 were not followed when the plaintiff moved to reinstate his action. However, in its answer to the motion to reinstate, defendant only alleged noncompliance with the Wayne County Circuit Court Rules in plaintiff's failure to file a brief in support of his motion. That brief was subsequently filed without objection, and we find no other issues in this regard that are preserved for appeal.

Affirmed, costs of this appeal to plaintiff.